1  Beth A. Gunn CA Bar No. 218889
   beth.gunn@ogletreedeakins.com
2  Aaron H. Cole CA Bar No. 236655
   aaron.cole@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  400 South Hope Street, Suite 1200
   Los Angeles, CA 90071
5  Telephone:  213.239.9800
   Facsimile:  213.239.9045
6
7  Attorneys for Defendant Brink's, Incorporated

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 MIKO STAFFORD, as an individual          Case No.  CV14 - 1352 RSWL-PLA
   and on behalf of all others similarly
12 situated                                 NOTICE OF REMOVAL OF ACTION
                                            UNDER 28 U.S.C. §§ 1332(D), 1441,
13              Plaintiffs,                  AND 1453

14       v.                                  [Los Angeles Superior Court Case No.
                                            BC532260]
15 BRINK'S, INCORPORATED, a
16 Delaware corporation; and DOES 1         [Filed concurrently with Declarations of
   through 50, inclusive                    Christopher B. Cage, Corrinn Neal, and
17                                           Aaron H. Cole; Disclosure Statement and
              Defendants.                    Certification of Interested Parties; Notice
18                                           of Related Cases and Pendency of Other
                                            Actions; and Civil Cover Sheet]
19

20

21

22

23

24

25

26

27

28

                                                                          Case No.
                              NOTICE OF REMOVAL

17176276_2.docx

FILED
CLERK, U.S. DISTRICT COURT

FEB 2 1 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

COPY

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:PLEASE**

**TAKE NOTICE,** that, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1453,

Defendant Brink's Incorporated ("Defendant") hereby removes the above-entitled

action from the Superior Court of the State of California for the County of Los

Angeles to this Court.  Defendant alleges the following grounds for removal:

## PROCEDURAL BACKGROUND

1.      On or about January 3, 2014, Plaintiff Miko Stafford ("Plaintiff")

commenced an action against Defendant in the Superior Court of the State of

California for the County of Los Angeles, entitled *Miko Stafford, as an individual*

*and on behalf of all others similarly situated, Plaintiffs v. Brink's, Incorporated, a*

*Delaware corporation; and Does 1 through 50, inclusive, Defendants*, and assigned

Case No. B532260.  A copy of the Summons, Complaint, and all other documents

served on Defendant is attached as "Exhibit A."  (*See* Declaration of Aaron H. Cole

in support of Defendant's Notice of Removal ("Cole Declaration"), ¶ 11).

2.      Defendant accepted service of the Summons and Complaint on January

24, 2014.  A copy of the executed Acknowledgment of Receipt is attached as

"Exhibit B." (*See* Cole Declaration, ¶ 11).  Pursuant to 28 U.S.C. § 1446(b), this

Notice of Removal is timely, as it was filed within 30 days of service of the

Summons and Complaint.

3.      Defendant answered Plaintiff's Complaint on February 21, 2014.

(*See* Cole Declaration, ¶ 11).  A conformed copy of the Answer is attached as

"Exhibit C."

4.      Plaintiff's Complaint alleges two causes of action:  (1) failure to keep

and provide proper wage statements in violation of California Labor Code §226(a);

and (2) civil penalties pursuant to the Private Attorneys General Act of 2004

("PAGA"), California Labor §2699 *et seq.*

## CLASS ACTION FAIRNESS ACT JURISDICTION

5.      **Basis of Original Jurisdiction.** The Court has original jurisdiction over

17176276_2.docx

1

Case No.

1  this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C.

2  § 1332(d).  As such, this action may be removed to this Court by Defendant pursuant

3  to 28 U.S.C. § 1441, 1446 and 1453.

4      6.    **Number of putative class members.**  Plaintiff purports to bring this

5  action on behalf of all current and former non-exempt employees who received a

6  wage statement from Defendant in California during the time period of January 3,

7  2013 to the present.  (Complaint ¶ 17).  Based on calculations performed using

8  Defendant's business records, the putative class, as defined by Plaintiff's Complaint,

9  includes at least approximately 967 persons during that period.  (Cole Declaration, ¶

10  5).

11      7.    **Diversity of the parties.**  The minimal diversity requirement of 28

12  U.S.C. 1332(d) is met in this action because the citizenship of at least one class

13  member is diverse from the citizen of at least one defendant.  *Id.* at (d)(2)(A).

14  Plaintiff, a putative class member, is a citizen of the State of California.  Defendant

15  is a corporation incorporated under the laws of the State of Delaware, with its

16  principal place of business in Virginia.  (Declaration of Christopher B. Cage, ¶¶ 3-5).

17  Thus, Defendant is a citizen of Delaware and Texas.  28 U.S.C. § 1332(c); *see also*

18  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  Citizenship of "Doe"

19  defendants is disregarded for purposes of removal.  28 U.S.C. § 1441(b)(1).

20      8.    **Amount in Controversy**.  Based on the allegations in Plaintiff's

21  Complaint, the alleged amount in controversy exceeds, in the aggregate, Five Million

22  Dollars ($5,000,000), as demonstrated below.

23      9.    **First Cause of Action - Violation of Labor Code §226(a) (Improper**

24  **Wage Statements)**.  Plaintiff alleges that, "as a matter of policy and practice," the

25  "wage statements provided to Plaintiffs [*sic*.] and the Class failed to list "'the

26  inclusive dates of the period for which the employee is being paid'" in violation of

27  Labor Code § 226(a)(6).  (Complaint ¶ 30).  Plaintiff alleges the putative class

28  members are therefore entitled to recover statutory penalties under Labor Code §

17176276_2.docx

2

Case No.

226. (*Id.* ¶ 31)  Section 226 provides for statutory penalties of "fifty ($50.00) dollars for the initial pay period in which the violation occurred, and one hundred ($100.00) dollars for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)."  Labor Code § 226(e).  The statute of limitations for a claim for statutory penalties under section 226 is one year.  *See* Cal. Code of Civ. Proc. § 340(a).  Given Plaintiff's allegation that "as a matter of policy and practice," Defendant's wage statements violated Labor Code § 226(a)(6), it is appropriate to base the amount in controversy calculation for the alleged wage statement violations upon the number of wage statements issued to the putative class members during the statutory period.  *See Jasso v. Money Mart Express, Inc.* 2012 WL 699465 at *5-*6 (N.D. Cal., Mar. 1, 2012).  Based on an analysis of Defendant's business records, the amount in controversy is at least **$2,385,950** for statutory penalties under Labor Code § 226(e) for allegedly incomplete wage statements issued during the statutory period, given Plaintiff's allegation that each wage statement issued to a putative class member during the statutory period violated Labor Code § 226(a)(6).  (*See* Cole Declaration ¶¶ 6-8) (detailing the calculation of statutory penalties under §226(e) for each of the 967 putative class members based on Defendant's business records).

10.     **Second Cause of Action – PAGA Penalties for Wage Statement Violations**.  Plaintiff alleges that she is entitled to recover civil penalties under the Private Attorneys General Act ("PAGA") for Defendant's alleged violation of Labor Code § 226 (described above) on behalf of "all current and former non-exempt California employees who received wage statements at any time" during the statutory period.  (Complaint ¶¶ 33, 35).  The statute of limitations for a claim for civil penalties under PAGA is one year.  *See* Cal. Code of Civ. Proc. § 340(a) and *Thomas v. Home Depot*, 527 F. Supp. 1003 (2007).  PAGA provides for civil penalties of "one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee

17176276_2.docx

per pay period for each subsequent violation." Labor Code § 2699(f)(2). Given Plaintiff's allegation that "as a matter of pattern, practice and uniform administration of corporate policy," Defendant's wage statements violated Labor Code § 226(a)(6) (Complaint ¶ 35), it is appropriate to base the amount in controversy calculation for civil penalties arising from the alleged wage statement violations upon the number of wage statements issued to the putative class members during the statutory period. *Cf. Jasso v. Money Mart Express, Inc.* 2012 WL 699465 at *5-*6 (N.D. Cal., Mar. 1, 2012). Based on an analysis of Defendant's business records, the amount in controversy is at least **$4,771,900** for civil penalties under Labor Code § 2699(f)(2) for allegedly incomplete wage statements issued during the statutory period, given Plaintiff's allegation that each wage statement issued to a putative class member during the statutory period violated Labor Code § 226(a)(6). (*See* Cole Declaration, ¶¶ 9-1 (detailing the calculations of PAGA penalties under § 2699(f)(2) based on Defendant's business records).

## COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

11.     As required by 28 U.S.C. § 1446, this Notice of Removal is filed in the district court of the United States in which the action is pending. The state court action was pending in the Los Angeles Superior Court, which is located within the boundaries of the Central District of California. Thus, venue is proper in this Court. 28 U.S.C. § 1441(a).

12.     As required by 28 U.S.C. § 1446, Defendant hereby provides this Court with copies of all process, pleadings and orders received by Defendant in this action (attached as Exhibits A, B, C), Defendant has not received any pleadings, process or orders besides those attached.

13.     As required by 28 U.S.C. § 1446(d), Defendant will promptly give written notice of the filing to Plaintiff, and file a copy of the Notice with the clerk of the Superior Court of the State of California, County of Los Angeles.

14.     As required by Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-

17176276_2.docx

1, Defendant concurrently files its Certification as to Interested Parties.

15.     As required by Local Rule 83-1.3.1 and 83.1.4.1, Defendant concurrently files its Notice of Related Case and Pendency of Other Actions.

16.     In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that the Court issue an Order to Show Cause, so that Defendant may have an opportunity to address the Court's question.

DATED: February 21, 2014                    OGLETREE, DEAKINS, NASH, SMOAK &
                                            STEWART, P.C.


                                     By: _____
                                            Beth A. Gunn
                                            Aaron H. Cole
                                            Attorneys for Defendant Brink's,
                                            Incorporated

17176276.2

17176276_2.docx

# EXHIBIT A

**COPY**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BRINK'S, INCORPORATED, a Delaware corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MIKO STAFFORD, as an individual and on behalf of all others similarly situated

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 03 2014

Sherri R. Carter, Executive Officer/Clerk

By Cristina Grijalva, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Central<br><br>111 N Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC532260** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Larry W. Lee, Diversity Law Group, 550 S Hope St., Suite 2655, Los Angeles, CA 90071, 213-488-6555

| | | | | |
|---|---|---|---|---|
| DATE:  January 3, 2014<br>*(Fecha)* | SHERRI R. CARTER | Clerk, by<br>*(Secretario)* | CRISTINA GRIJALVA | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

JAN 03 2014

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

**EXHIBIT A, PAGE 6**



1   Larry W. Lee (State Bar No. 228175)
    DIVERSITY LAW GROUP, P.C.
2   550 S. Hope Street, Suite 2655
    Los Angeles, CA  90071
3   (213) 488-6555
    (213) 488-6554 facsimile
4

5   Dennis S. Hyun (State Bar No. 224240)
    HYUN LEGAL, APC
6   550 S. Hope Street, Suite 2655
    Los Angeles, CA  90071
7   (213) 488-6555
    (213) 488-6554 facsimile
8

9

    Attorneys for Plaintiff and the Class
10

11

12            SUPERIOR COURT OF THE STATE OF CALIFORNIA

13              FOR THE COUNTY OF LOS ANGELES

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

JAN 03 2014

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

CASE NO. BC **BC 532260**

| | |
|---|---|
| 14 MIKO STAFFORD, as an individual and on behalf of all others similarly situated, | CASE NO.  BC |
| 15          Plaintiffs, | **CLASS ACTION COMPLAINT FOR:** |
| 16         v. | **(1) VIOLATION OF CAL. LABOR CODE § 226(a); AND** |
| 17 BRINK'S, INCORPORATED, a Delaware corporation; and DOES 1 through 50, inclusive, | **(2) VIOLATION OF CAL. LABOR CODE § 2698, *ET SEQ.*** |
| 18 | |
| 19         Defendants. | **DEMAND FOR JURY TRIAL** |
| 20 | **DEMAND EXCEEDS $25,000.00** |

21       Plaintiff Miko Stafford ("Plaintiff") hereby submits this Class Action Complaint

22   ("Complaint") against Defendant Brink's, Incorporated (the "Company" or "Defendant"), a

23   Delaware corporation, and DOES 1-50 (hereinafter collectively referred to as "Defendants"), on

24   behalf of herself and the Class of all other similarly situated current and former employees of

25   Defendants for penalties and/or damages for violations of the California Labor Code, including

26   without limitation, failure to keep accurate records and failure to provide employees with accurate

27   itemized wage statements as follows:

28

PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

**EXHIBIT A, PAGE 7**

## INTRODUCTION

1.     This class action is within the Court's jurisdiction under California Labor Code §§ 226 and 2698, *et seq.* and the California Industrial Welfare Commission's ("IWC") Wage Orders.

2.     This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code against employees of Defendants.

3.     Plaintiff is informed and believes, and based thereon alleges, that Defendants jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by failing to keep accurate records and failing to provide accurate itemized wage statements identifying all required information, including without limitation, the inclusive dates of the period for which the employee is being paid.

4.     Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code and applicable IWC Wage Orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

## JURISDICTION AND VENUE

5.     The Court has jurisdiction over the violations of the California Labor Code §§ 226, and 2698, *et seq.* As alleged below, Plaintiff has met all of the jurisdictional requirements to proceed under the Private Attorney General's Act (the "PAGA"), Labor Code § 2698, *et seq.*

6.     Venue is proper in Los Angeles County because Defendants maintain business locations in Los Angeles County and Plaintiffs performed work for Defendants' facility located in Los Angeles County.

## PARTIES

7.     Plaintiff began working for the Company on or about April 13, 2008. Plaintiff last worked for Defendant as a non-exempt clerk earning $12.65 per hour. Plaintiff was terminated on or about August 27, 2013.

8.     Brink's is a Delaware corporation, which provides global security services throughout the United States, including throughout the State of California. The Company maintains facilities throughout the State of California, including in Los Angeles County, where Plaintiff worked.

2

**EXHIBIT A, PAGE 8**

9.      Plaintiff was and is a victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived her of the rights guaranteed by California Labor Code §§ 226 and 2698, *et seq.* and the applicable IWC Wage Orders.

10.      Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants and DOES 1 through 50 are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

11.      As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code §§ 226 and 2698, *et seq.* and the IWC Wage Orders.

12.      Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiffs pray for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes, and based thereon alleges, that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiffs and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13.      At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14.      Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co- Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

15.      At all times herein mentioned, Defendants, and each of them, were members of,

3

EXHIBIT A, PAGE 9

1   and engaged in, a joint venture, partnership and common enterprise, and acting within the course

2   and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

3       16.    At all times herein mentioned, the acts and omissions of various Defendants, and

4   each of them, concurred and contributed to the various acts and omissions of each and all of the

5   other Defendants in proximately causing the injuries and damages as herein alleged.  At all times

6   herein mentioned, Defendants, and each of them, ratified each and every act or omission

7   complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided

8   and abetted the acts and omissions of each and all of the other Defendants in proximately causing

9   the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

10      17.    **Definition:**  The named individual Plaintiff seeks class certification, pursuant to

11  California Code of Civil Procedure § 382, of the following class:

12          a.      All current and former non-exempt California employees who received a

13                  wage statement from Defendant at any time during the period of time from

14                  January 3, 2013, through the present.

15      18.    **Numerosity and Ascertainability:**  The members of the Class are so numerous

16  that joinder of all members would be impractical, if not impossible.  The identity of the members

17  of the Class is readily ascertainable by review of the Company's records, including payroll

18  records.  Plaintiff is informed and believes, and based thereon alleges, that the Company:

19  (a) failed to keep proper payroll records in violation of Labor Code § 226; and (b) failed to

20  provide required itemized wage statements to employees in violation of Labor Code § 226.

21      19.    **Adequacy of Representation:**  The named Plaintiff is fully prepared to take all

22  necessary steps to represent fairly and adequately the interests of the class defined above.

23  Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and the

24  named Plaintiffs.  Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in

25  the past and currently have a number of wage-and-hour class actions pending in California courts.

26      20.    The Company uniformly administered a corporate policy, practice of:  (a) failing

27  to keep proper payroll records in violation of Labor Code § 226; and (b) failing to provide

28  required itemized wage statements to employees in violation of Labor Code § 226.

4

EXHIBIT A, PAGE 10

21.   **Common Question of Law and Fact:**   There are predominant common questions of law and fact and a community of interest amongst Plaintiffs and the claims of the Class concerning the Company's:  (a) failing to keep proper payroll records in violation of Labor Code § 226; and (b) failing to provide required itemized wage statements to employees in violation of Labor Code § 226.

22.   **Typicality:**   The claims of the named Plaintiff are typical of the claims of all members of the Class in that Plaintiff has suffered the harm alleged in this Complaint in a similar and typical manner as the Class members.  Plaintiff was not provided proper and accurate payroll records identifying all information required by Labor Code § 226(a).  Specifically, the Company violated Labor Code § 226(a) by, among other actions, failing to list "the inclusive dates of the period for which the employee is being paid."  Plaintiff's wage statements failed to include this information.  Thus, Plaintiff is a member of the Class and has suffered the alleged violations of California Labor Code §§ 226 and 2698, *et seq.*, and the applicable IWC Wage Orders.

23.   The California Labor Code and upon which Plaintiff bases these claims is broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

24.   The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If each employee were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of the individual Plaintiff with Defendants' vastly superior financial and legal resources.  Requiring each Class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

**EXHIBIT A, PAGE 11**

25.    The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against the Company and which would establish potentially incompatible standards of conduct for the Company, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect their interests.  Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

26.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiffs and the Class identified herein, in a civil action any and all applicable penalties and/or damages, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 226, 558 and 2698, *et seq.*, the applicable IWC Wage Orders, and Code of Civil Procedure § 1021.5.

27.    Proof of a common business practice or factual pattern, which the named Plaintiffs experienced and are representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

28.    The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by the Company.  The Class is commonly entitled to restitution of those funds being improperly withheld by the Company.  This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 226(a)

## (AGAINST THE COMPANY AND DOES 1-50 BY PLAINTIFF AND THE CLASS)

29.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 as though fully set for herein.

30.    The Company failed in its affirmative obligation to keep <u>accurate</u> itemized wage statements.  The Company, as a matter of policy and practice, did not maintain accurate records in

6

1    violation of Labor Code § 226(a) by failing as a matter of policy and practice to keep accurate

2    payroll records for Plaintiffs and the Class.  Specifically, Plaintiffs and the Class were paid

3    hourly.  As such, the wage statements should have listed "the inclusive dates of the period for

4    which the employee is being paid," pursuant to Labor Code § 226(a)(6).  However, the wage

5    statements provided to Plaintiffs and the Class failed to identify such information.

6        31.    Such a pattern, practice and uniform administration of corporate policy as

7    described herein is unlawful and creates an entitlement to recovery by Plaintiffs and the Class

8    identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226,

9    including interest thereon, attorneys' fees, and costs of suit according to the mandate of California

10   Labor Code § 226.

11                        **SECOND CAUSE OF ACTION**

12              **VIOLATION OF LABOR CODE § 2698, *ET SEQ.***

13        **(AGAINST THE COMPANY AND DOES 1-50 BY PLAINTIFF)**

14       32.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 as

15   though fully set for herein.

16       33.    Plaintiff seeks penalties on behalf of the State of California for violations

17   committed against the following employees:

18              a.   All current and former non-exempt California employees who received

19                   wage statements at any time during the period of time from December 16,

20                   2013, through the present.

21       34.    On or about December 16, 2013, Plaintiff sent notice to the Labor Workforce

22   Development Agency (the "LWDA") of the violations of Labor Code § 226(a).  A true and

23   correct copy of Plaintiff's notice to the LWDA is attached hereto as Exhibit "A."  As of the date

24   of the filing of this Complaint, the LWDA has not notified Plaintiffs whether it intends to

25   investigate the claims.  Therefore, Plaintiff may seek applicable penalties under the PAGA.

26       35.    Such a pattern, practice and uniform administration of corporate policy as

27   described herein is unlawful and creates an entitlement to recovery by the Plaintiff on behalf of

28   the State of California, in a civil action, for penalties pursuant to the PAGA, Labor Code §

     2699(a), including interest thereon, attorneys' fees, and costs of suit according to the mandate of

                                              7

**EXHIBIT A, PAGE 13**

1  PAGA for Defendants' violations of Labor Code § 226.

**<u>PRAYER FOR RELIEF</u>**

3      WHEREFORE, Plaintiff prays for judgment for herself and all others on whose behalf this

4  suit is brought against Defendants, jointly and severally, as follows:

5      1.      For an order certifying the proposed Class;

6      2.      For an order appointing Plaintiff as the representative of the Class as described

7  herein;

8      3.      For an order appointing counsel for Plaintiff as Class counsel;

9      4.      Upon the First Cause of Action , for damages and/or penalties pursuant to

10  California Labor Code §§ 226 and 1198.5, and for costs and attorneys' fees;

11      5.      Upon the Second Cause of Action, for civil penalties according to proof pursuant

12  to Labor Code § 2698, *et seq.*;

13      6.      On all causes of action, for attorneys' fees and costs as provided by California

14  Labor Code §§ 218.5, 226, 558, 2698, *et seq.*, and Code of Civil Procedure § 1021.5; and

15      7.      For such other and further relief as the Court may deem just and proper.

DATED: January 3, 2014                  DIVERSITY LAW GROUP, P.C.

By:_____
                                        Larry W. Lee
                                        Attorneys for PLAINTIFF and the CLASS

**<u>DEMAND FOR JURY TRIAL</u>**

      Plaintiff, for herself and the Class, hereby demands a jury trial as provided by California

law.

DATED: January 3, 2014                  DIVERSITY LAW GROUP, P.C.

By:_____
                                        Larry W. Lee
                                        Attorneys for PLAINTIFF and the CLASS

8

PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

**EXHIBIT A, PAGE 14**

# EXHIBIT A

# MIKO STAFFORD

c/o HYUN LEGAL, APC
550 S. HOPE STREET, SUITE 2655
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 488-6555
FACSIMILE (213) 488-6554

December 10, 2013

<u>VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED</u>

California Labor & Workforce Development Agency
800 Capitol Mall, MIC – 55
Sacramento, CA 95814

      Re:   *Stafford v. Brink's, Inc.*

To Whom It May Concern:

      This correspondence shall constitute written notice under Labor Code section 2699.3 of my claims against my former employer, Brink's, Inc. (the "Company"). Specifically, I allege that the Company:

      1.    Violated Labor Code § 226(a) by failing to provide me with itemized wage statements containing all required information, including without limitation, the inclusive dates of the period for which I was being paid and the required premium pay for missed meal periods.

      2.    Violated Labor Code §§ 226.7 and 512 by not providing a duty-free 30-minute meal period for shifts over five hours and not compensating me an additional hour of premium pay for missed meal periods.

      3.    Violated Labor Code §§ 201-203 and 558 by failing to pay wages for all hours worked upon the separation of employment. This includes all monies owed for meal period premium pay.

      The address for the Company is:

Brink's, Inc.
555 Dividend Drive
Coppell, TX 75019-4959

      Please contact my attorney, Dennis S. Hyun, at the address/telephone number listed above if you have any questions regarding this matter.

      Sincerely,

Miko Stafford

cc:    Brink's, Inc. (by certified mail)

**EXHIBIT A, PAGE 16**

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Larry W. Lee (State Bar No. 228175)
Diversity Law Group
550 South Hope Street, Suite 2655
Los Angeles, CA 90071
TELEPHONE NO: (213) 488-6555    FAX NO: (213) 488-6554
ATTORNEY FOR (Name): Plaintiff Miko Stafford

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

JAN 03 2014

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central

CASE NAME:
Miko Stafford v. Brink's Incorporated

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [✓] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive

4. Number of causes of action (specify): 2

5. This case [✓] is [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 3, 2014

Larry W. Lee
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**EXHIBIT A, PAGE 17**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**EXHIBIT A, PAGE 18**



| SHORT TITLE: | CASE NUMBER |
|---|---|
| Miko Stafford v. Brink's Incorporated | BC532260 |

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

**EXHIBIT A, PAGE 19**

| SHORT TITLE: Miko Stafford v. Brink's Incorporated | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

**EXHIBIT A, PAGE 20**

| SHORT TITLE: Miko Stafford v. Brink's Incorporated | CASE NUMBER |
| --- | --- |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**EXHIBIT A, PAGE 21**

| SHORT TITLE: Miko Stafford v. Brink's Incorporated | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1,** as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>550 South Hope Street<br>Suite 2655<br>Los Angeles, CA 90071 |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90071 |
|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the  Stanley Mosk  courthouse in the  Central  District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated:  January 3, 2014

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

**EXHIBIT A, PAGE 22**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES

Case Number _____ BC 5 3 2 2 6 0

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Lee Smalley Edmon | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge William F. Highberger | 307 | 1402 |
| OTHER | | |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on JAN 0 3 2014          SHERRI R. CARTER, Executive Officer/Clerk

LACIV CCW 190 (Rev09/13)
LASC Approved 05-06
For Optical Use

By _____, Deputy Clerk

**EXHIBIT A, PAGE 23**

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**

**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section◆**

◆ **Los Angeles County Bar Association Labor and Employment Law Section◆**

◆**Consumer Attorneys Association of Los Angeles◆**

◆**Southern California Defense Counsel◆**

◆**Association of Business Trial Lawyers◆**

◆**California Employment Lawyers Association◆**

**EXHIBIT A, PAGE 24**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**EXHIBIT A, PAGE 25**

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

    i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lasuperiorcourt.org under "Civil" and then under "General Information").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
        (INSERT DATE)                         (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____   ➢  _____
  (TYPE OR PRINT NAME)                 (ATTORNEY FOR PLAINTIFF)
Date:

_____   ➢  _____
  (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____   ➢  _____
  (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____   ➢  _____
  (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____   ➢  _____
  (TYPE OR PRINT NAME)             (ATTORNEY FOR _____)
Date:

_____   ➢  _____
  (TYPE OR PRINT NAME)            (ATTORNEY FOR _____)
Date:

_____   ➢  _____
  (TYPE OR PRINT NAME)            (ATTORNEY FOR _____)

LACIV 229 (new)
LASC Approved 04/11    **STIPULATION – EARLY ORGANIZATIONAL MEETING**

EXHIBIT A, PAGE 26

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

---

**STIPULATION – DISCOVERY RESOLUTION**

**EXHIBIT A, PAGE 27**

| SHORT TITLE: | | CASE NUMBER: |
| --- | --- | --- |
| | | |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

**EXHIBIT A, PAGE 28**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

> _____
(ATTORNEY FOR PLAINTIFF)

_____
(TYPE OR PRINT NAME)

Date: _____

> _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

> _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

> _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date: _____

> _____
(ATTORNEY FOR_____)

_____
(TYPE OR PRINT NAME)

Date: _____

> _____
(ATTORNEY FOR_____)

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR_____)

**EXHIBIT A, PAGE 29**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):          FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
    ☐  Request for Informal Discovery Conference
    ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**EXHIBIT A, PAGE 31**

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

**The following parties stipulate:**

Date: _____

_____     ▷     _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date: _____

_____     ▷     _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ▷     _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ▷     _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ▷     _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date: _____

_____     ▷     _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date: _____

_____     ▷     _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

**EXHIBIT A, PAGE 32**

1  Larry W. Lee (State Bar No. 228175)
    DIVERSITY LAW GROUP, P.C.
2  550 S. Hope Street, Suite 2655
    Los Angeles, CA  90071
3  (213) 488-6555
    (213) 488-6554 facsimile
4

5  Dennis S. Hyun (State Bar No. 224240)
    HYUN LEGAL, APC
6  550 S. Hope Street, Suite 2655
    Los Angeles, CA  90071
7  (213) 488-6555
    (213) 488-6554 facsimile
8

9

10  Attorneys for Plaintiff and the Class

11

12                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                          FOR THE COUNTY OF LOS ANGELES

14  MIKO STAFFORD, as an individual and       CASE NO.  BC532260
    on behalf of all others similarly situated,
15                                              [Assigned for all purposes to the Hon. John
                   Plaintiffs,                  Shepard Wiley, Department 311]
16
          v.                                   NOTICE OF INITIAL STATUS
17                                              CONFERENCE
    BRINK'S, INCORPORATED, a Delaware
18  corporation; and DOES 1 through 50,        Date:      April 2, 2014
    inclusive,                                 Time:      2:00 p.m.
19                                              Dept.:     311
                   Defendants.
20

21       TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:

22       PLEASE TAKE NOTICE THAT the Court has scheduled an Initial Status Conference

23  for **April 2, 2014 at 2:00 p.m.** in **Department 311** of the Central Civil West Courthouse at 600

24  South Commonwealth Avenue, Los Angeles, California 90005.

25       Counsel must file a Joint Initial Status Conference Class Action Response Statement five

26  court days before the Initial Status Conference.  Additional requirements and information is

27  contained in the Court's Minute Order and Initial Status Conference Order, in which true and

28  correct copies are attached hereto as Exhibit "A."

___

NOTICE OF INITIAL STATUS CONFERENCE

**EXHIBIT A, PAGE 33**

1

2     DATED: February 11, 2014              DIVERSITY LAW GROUP, P.C.

3                                           By: _____

4                                                    Larry W. Lee
                                            Attorneys for PLAINTIFF and the CLASS
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

NOTICE OF INITIAL STATUS CONFERENCE

**EXHIBIT A, PAGE 34**

# EXHIBIT A

1

2

3

4

5

6

7

8

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

FEB 0 7 2014

Sherri R. Carter, Executive Officer/Clerk
By: Martha Cervantes, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| **MIKO STAFFORD, as an individual and on behalf of all others similarly situated,** | Case No.: **BC532260** |
| Plaintiff, | **CLASS ACTION**<br>INITIAL STATUS CONFERENCE ORDER |
| | Case Assigned for All Purposes to<br>Judge John Shepard Wiley Jr. |
| vs. | |
| **BRINK'S, INCORPORATED, a Delware corporation; and DOES 1 THROUGH 50, inclusive** | Department: **311**<br>Date: **04/02/2014**<br>Time: **2:00 P.M.** |
| Defendants. | |

This case has been assigned for all purposes to Judge John Shepard Wiley Jr., in the

Complex Litigation Program. An Initial Status Conference is set for **04/02/2014 at 2:00 p.m.** in

Department **311** located in the Central Civil West Courthouse at 600 South Commonwealth

Avenue, Los Angeles, California 90005. Counsel for all parties are ordered to attend.

The court orders counsel to prepare for the Initial Status Conference by identifying and

discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to

INITIAL STATUS CONFERENCE ORDER

**EXHIBIT A, PAGE 36**

initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions.  Do not the use the Judicial Council Form CM-110 (Case Management Statement).

    **1. PARTIES AND COUNSEL:**  Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

    **2. POTENTIAL ADDITIONAL PARTIES:**  Does any plaintiff presently intend to add more class representatives?  If so, and if known, by what date and by what name?  Does any plaintiff presently intend to name more defendants?  If so, and if known, by what date and by what name?  Does any appearing defendant presently intend to file a cross-complaint?  If so, who will be named.

    **3. IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the wrong person or entity, please explain.

    **4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party believes one or more named plaintiffs might not be an adequate class representative, please explain.  No prejudice will attach to these responses.

    **5. ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

    **6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

    **7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION**

-2-

INITIAL STATUS CONFERENCE ORDER

**EXHIBIT A, PAGE 37**

WAIVER CLAUSES:  Please include a sample of any clause of this sort.  Opposing parties must summarize their views on this issue.

8.  **POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel are to identify and describe the significant core issues in the case.  Counsel then is to identify efficient ways to resolve those issues.  The vehicles include:

- ▣  Motion to Compel Arbitration,
- ▣  Early motions in limine,
- ▣  Early motions about particular jury instructions and verdict forms,
- ▣  Demurrers,
- ▣  Motions to strike,
- ▣  Motions for judgment on the pleadings, and
- ▣  Motions for summary judgment and summary adjudication.

NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty.[1]  Counsels are to analyze, discuss, and report on the relevance of this powerful new procedure.

9.  **CLASS CONTACT INFORMATION:**  Does plaintiff need class contact information from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4[th] 554, 561) to precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the notice process, who should pay for it?  Should there be a third-party administrator?

10.  **PROTECTIVE ORDERS:**  Parties considering an order to protect confidential

---

[1]See Code Civ. Proc. § 437c, subd. (s)

-3-

INITIAL STATUS CONFERENCE ORDER

information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose.[2]

**12. INSURANCE COVERAGE:** Please state (1) if there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues that might affect settlement.

**13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- The next status conference,
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and

---

[2] See Code Civ. Proc. § 437c, subd. (s)

-4-

INITIAL STATUS CONFERENCE ORDER

**EXHIBIT A, PAGE 39**

1
2
3

☒ Filing deadlines and descriptions for other anticipated non-discovery motions.

4   **15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program

5   requires the parties in every new case to use a third-party cloud service, such as:

6   ☒ Case Anywhere (www.caseanywhere.com),

7
8   ☒ CaseHomePage (www.casehomepage.com), or

9   ☒ Lexis-Nexis File & Serve (www.lexisnexis.com/fileandserve).

10   Please agree on one and submit the parties' choice when filing the Joint Initial Status

11   Conference Class Action Response Statement. If there is agreement, please identify the vendor. If

12   parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic

13   service is not the same as electronic filing. Only traditional methods of filing by physical delivery

14   of original papers or by fax filing are presently acceptable.

15

16   **Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

17   "A dismissal of an entire class action, or of any party or cause of action in a class action, requires

18   court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the

19   facts on which the party relies. The declaration must clearly state whether consideration, direct or

20   indirect, is being given for the dismissal and must describe the consideration in detail."[3] If the

21   parties have settled the class action, that too will require judicial approval based on a noticed

22   motion (although it may be possible to shorten time by consent for good cause shown).

23   Pending further order of this Court, and except as otherwise provided in this Initial Status

24
25   Conference Order, ***these proceedings are stayed in their entirety***. This stay shall preclude the

26

27   [3] California Rule of Court, Rule 3.770(a)

28

-5-

INITIAL STATUS CONFERENCE ORDER

1   filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the

2   Court; however, any defendant may file a Notice of Appearance for purposes of identification of

3   counsel and preparation of a service list.  The filing of such a Notice of Appearance shall be

4   without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural

5   challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice

6   to the filing of any cross-complaint in this action.  This stay is issued to assist the Court and the

7   parties in managing this "complex" case through the development of an orderly schedule for

8   briefing and hearings on procedural and substantive challenges to the complaint and other issues

9   that may assist in the orderly management of these cases.  This stay shall not preclude the parties

10  from informally exchanging documents that may assist in their initial evaluation of the issues

11  presented in this case, however shall stay all outstanding discovery requests.

12      Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on

13  counsel for all parties, or if counsel has not been identified, on all parties, within five days of

14  service of this order.  If any defendant has not been served in this action, service is to be

15  completed within twenty days of the date of this order.

16

17

18

19  Dated:   FEB 0 7 2014

20

21  JOHN SHEPARD WILEY JR.

22  _____
    Judge of the Los Angeles Superior Court

23

24

25

26

27

28

-6-

INITIAL STATUS CONFERENCE ORDER

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/07/14

DEPT. 311

HONORABLE JOHN SHEPARD WILEY JR    JUDGE

M. CERVANTES    DEPUTY CLERK

HONORABLE    JUDGE PRO TEM
6

ELECTRONIC RECORDING MONITOR

C. JONES, C.A.    Deputy Sheriff

NONE    Reporter

BC532260

MIKO STAFFORD

VS

BRINK'S INCORPORATED

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCES

NATURE OF PROCEEDINGS:

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to
be Complex according to Rule 3.400 of the California
Rules of Court. The Clerk's Office has randomly
assigned this case to this department for all
purposes.

By this order, the Court stays the case, except
for service of the Summons and Complaint. The stay
continues at least until the Initial Status
Conference. Initial Status Conference is set for
APRIL 2, 2014, at 2:00 P.M. in Department 311.
At least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss
the issues set forth in the Initial Status Conference
Order issued this date. The Initial Status Conference
Order is to help the Court and the parties manage this
complex case by developing an orderly schedule for
briefing, discovery, and court hearings. The parties
are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further
Order of the Court. Parties must file a Notice of
Appearance in lieu of an Answer or other responsive
pleading. The filing of a Notice of Appearance shall
not constitute a waiver of any substantive or
procedural challenge to the Complaint. Nothing in this
order stays the time for filing an Affidavit of

Page   1 of   3    DEPT. 311

MINUTES ENTERED
02/07/14
COUNTY CLERK

**EXHIBIT A, PAGE 42**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/07/14                                         DEPT. 311

HONORABLE JOHN SHEPARD WILEY JR    JUDGE   M. CERVANTES        DEPUTY CLERK

HONORABLE                     JUDGE PRO TEM            ELECTRONIC RECORDING MONITOR
6
          C. JONES, C.A.      Deputy Sheriff  NONE              Reporter

| BC532260 | Plaintiff Counsel | |
|----------|-----------|---|
| MIKO STAFFORD | | |
| VS | Defendant Counsel | |
| BRINK'S INCORPORATED | | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

Prejudice pursuant to Code of Civil Procedure Section 170.6.

According to Government Code Section 70616 subdivisions (a) and (b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The plaintiff must serve a copy of this minute order on all parties forthwith and file a Proof of Service in this department within seven days of service.

Counsel are directed to access the following link for information on procedures in the Complex Litigation Program courtrooms:

http://courtnet/internet/civil/UI/
ToolsForLitigators2.aspx

          CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order dated February 7, 2014, and Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered

                Page   2 of   3   DEPT. 311

MINUTES ENTERED
02/07/14
COUNTY CLERK

**EXHIBIT A, PAGE 43**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 02/07/14 | DEPT. 311 |
| HONORABLE JOHN SHEPARD WILEY JR   JUDGE | M. CERVANTES   DEPUTY CLERK |
| HONORABLE   6   JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| C. JONES, C.A.   Deputy Sheriff | NONE   Reporter |

| | | |
|---|---|---|
| BC532260 | Plaintiff Counsel | |
| MIKO STAFFORD | | |
| VS | Defendant Counsel | |
| BRINK'S INCORPORATED | | NO APPEARANCES |

NATURE OF PROCEEDINGS:

herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated:   February 7, 2014

Sherri R. Carter, Executive Officer/Clerk


By: _____
         M. Cervantes, Deputy Clerk


Larry W. Lee
DIVERSITY LAW GROUP, P.C.
550 S. Hope Street, Suite 2655
Los Angeles, CA 90071

MINUTES ENTERED
02/07/14
COUNTY CLERK

**EXHIBIT A, PAGE 44**

**PROOF OF SERVICE**

(Code of Civil Procedure Sections 1013a, 2015.5)

STATE OF CALIFORNIA   ]
            ]ss.
COUNTY OF LOS ANGELES  ]

   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 550 S. Hope St., Suite 2655, Los Angeles, California 90071.

   On February 11, 2014, I served the following document(s) described as:  **NOTICE OF INITIAL STATUS CONFERENCE** on the interested parties in this action as follows:

Beth Gunn<br>
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>
400 South Hope Street Suite 1200<br>
Los Angeles, CA  90071

  __X__  BY MAIL:  by placing _____ the original or __X__ a true and correct copy thereof enclosed, in (a) sealed envelope(s) addressed to the party(ies) listed above or on the attached mailing list. I am readily familiar with the firm's practice for collection and processing of correspondence and other materials for mailing with the United States Postal Service.  On this date, I sealed the envelope(s) containing the above materials and placed the envelope(s) for collection and mailing on this date at the address above following our office's ordinary business practices.  The envelope(s) will be deposited with the United States Postal Service on this date, in the ordinary course of business.

   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on February 11, 2014, at Los Angeles, California.

             _____

             Olympia Peña

# EXHIBIT B

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Dennis S. Hyun (State Bar No. 224240)<br>HYUN LEGAL, APC<br>550 South Hope Street, Suite 2655<br>Los Angeles, CA 90071<br><br>TELEPHONE NO.: (213) 488-6555    FAX NO. *(Optional):* (213) 488-6554<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Miko Stafford | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central

PLAINTIFF/PETITIONER: Miko Stafford

DEFENDANT/RESPONDENT: Brink's Incorporated

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC532260 |
|---|---|

TO *(insert name of party being served):* Brink's Incorporated

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 6, 2014

Dennis S. Hyun
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*
   Civil Case Coversheet; Civil Case Coversheet Addendum; Notice of Case Assignment; Voluntary Efficient Litigation Stipulations Packet

*(To be completed by recipient):*

Date this form is signed:  January 24, 2014

Beth Gunn
Attorneys for Brink's, Incorporated
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**EXHIBIT B, PAGE 46**

# EXHIBIT C

1  Beth A. Gunn, CA Bar No. 218889
   beth.gunn@ogletreedeakins.com
2  Aaron H. Cole, CA Bar No. 236655
   aaron.cole@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   400 South Hope Street, Suite 1200
4  Los Angeles, CA  90071
   Telephone:    213.239.9800
5  Facsimile:    213.239.9045

6  Attorneys for Defendant
   BRINK'S INCORPORATED
7

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 21 2014

Sherri R. Carter, Executive Officer/Clerk
By Thea Blackwell, Deputy

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF LOS ANGELES**

10

11  MIKO STAFFORD, as an individual  and on      Case No. BC532260
    behalf of all others similarly situated,
12                                               [Assigned for all purposes to The Honorable
                   Plaintiff,                    Hon. John Shepard Wiley, Dept. 311]
13
           vs.                                   **ANSWER TO CLASS ACTION**
14                                               **COMPLAINT**
    BRINK'S, INCORPORATED, a Delaware
15  Corporation; and DOES 1 through 50, inclusive,
                                                 Action Filed:        January 3, 2014
16                 Defendant.

17

18  **TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

19       Defendant Brink's Incorporated ("Defendant") hereby answers the unverified Complaint

20  filed by Miko Stafford ("Plaintiff") as follows:

21

22                           **GENERAL DENIAL**

23       Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure,

24  Defendant generally denies each and every purported allegation and cause of action contained in

25  Plaintiff's Complaint, and further denies that Plaintiff has been damaged in any manner or amount

26  at all.

27

28

                     ANSWER TO CLASS ACTION COMPLAINT

1                            **AFFIRMATIVE DEFENSES**

2       Without waiving any of the foregoing answers and defenses, Defendant asserts the

3 following affirmative defenses to the Complaint.

4                         **FIRST AFFIRMATIVE DEFENSE**

5       Defendants alleges Plaintiff's claims are barred by the applicable statute(s) of limitation,

6 including, without limitation, Cal. Code Civ. Proc. § 338(a) and §340(a).

7                        **SECOND AFFIRMATIVE DEFENSE**

8       Defendant alleges, on information and belief, Plaintiff failed to exhaust available

9 administrative remedies.

10                      **THIRD AFFIRMATIVE DEFENSE**

11       Defendant alleges, on information and belief, Plaintiff lacks standing to assert some or all

12 of the claims asserted.

13                     **FOURTH AFFIRMATIVE DEFENSE**

14       Defendant alleges Plaintiff's claims for penalties are barred by the due process clause (Fifth

15 Amendment, Fourteenth Amendment, Section 1), the excessive fines clause (Eighth Amendment)

16 of the United States Constitution, and the corresponding provisions of the Constitution of the State

17 of California.

18                      **FIFTH AFFIRMATIVE DEFENSE**

19       Defendant alleges, on information and belief, the claims of Plaintiff are barred by the

20 doctrines of collateral estoppel and/or res judicata to the extent the claims and issues have already

21 been litigated and adjudicated.

22                     **SIXTH AFFIRMATIVE DEFENSE**

23       Plaintiff is not entitled to any penalty award under any provision of California or federal

24 law because at all relevant times, Defendant did not willfully, knowingly, or intentionally fail to

25 comply with any provision of the California Labor Code or federal law, but rather acted in good

26 faith and had reasonable grounds for believing that it did not violate those provisions.

27                    **SEVENTH AFFIRMATIVE DEFENSE**

28       Defendant alleges, on information and belief, Plaintiff's Complaint is barred by the doctrine

**EXHIBIT C, PAGE 48**

1 | of laches.

2 | ### EIGHTH AFFIRMATIVE DEFENSE

3 | Defendant alleges, on information and belief, Plaintiff's recovery is barred by the doctrine

4 | of unclean hands.

5 | ### NINTH AFFIRMATIVE DEFENSE

6 | Defendant alleges, on information and belief, Plaintiff is estopped to seek recovery against

7 | Defendant.

8 | ### TENTH AFFIRMATIVE DEFENSE

9 | Defendant alleges, on information and belief, Plaintiff has waived all rights to proceed

10 | against Defendant.

11 | ### RIGHT TO ADD ADDITIONAL AFFIRMATIVE DEFENSES

12 | Because Plaintiff's Complaint is couched in broad and conclusory terms, and Defendant has

13 | not completed its investigation and discovery regarding the facts and claims asserted by Plaintiff,

14 | Defendant cannot fully anticipate all defenses that may be applicable to this action.  Accordingly

15 | the right to assert additional defenses, if and to the extent that such defenses are applicable, is

16 | hereby reserved.

17 | WHEREFORE, Defendant prays as follows:

18 | 1.  That Plaintiff takes nothing by this action;

19 | 2.  That judgment be entered in favor of Defendant;

20 | 3.  For costs of suit and for reasonable attorneys' fees incurred by the Defendant; and,

21 | 4.  For such other and further relief as the Court deems just and proper.

22 |

23 | DATED: February 21, 2014

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Beth A. Gunn
Aaron H. Cole

Attorneys for Defendant

3

ANSWER TO CLASS ACTION COMPLAINT

1        **PROOF OF SERVICE BY UNITED STATES MAIL**

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3        I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action.  My business address is 400 S. Hope Street, Suite 1200, Los Angeles, California 90071.

4

5        On February 21, 2014, I served the following document(s) described as:

6        ANSWER TO CLASS ACTION COMPLAINT

7    on the persons below as follows:

8    Larry W. Lee, Esq.                              Attorneys for Plaintiff and the Class
     DIVERSITY LAW GROUP, P.C.
9    550 S. Hope Street, Suite 2655
     Los Angeles, CA 90071
10   Tel.: (213) 488-6555
     Fax: (213) 488-6554
11
     Dennis S. Hyun, Esq.                            Attorneys for Plaintiff and the Class
12   HYUN LEGAL, APC
     550 S. Hope Street, Suite 2655
13   Los Angeles, CA 90071
     Tel.: (213) 488-6555
14   Fax: (213) 488-6554

15

16       I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

17   ☐   deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.*
18
19   ☒   placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope or package with postage fully prepaid.
20
21
22       I am employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California.

23   ☒   (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
24
25       Executed on February 21, 2014, at Los Angeles, California.

26   Mimie Normis

27   Type or Print Name                                    Signature

28   *   (SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)

16863311.1

**EXHIBIT C, PAGE 50**



UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS (Check box if you are representing yourself ☐ ) | DEFENDANTS (Check box if you are representing yourself ☐ ) |
|---|---|
| MIKE STAFFORD | BRINK'S, INCORPORATED |

| (b) County of Residence of First Listed Plaintiff <u>Los Angeles</u><br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant <u>Los Angeles</u><br>*(IN U.S. PLAINTIFF CASES ONLY)* |
|---|---|
| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br>Larry W. Lee, SB 228175<br>DIVERSITY LAW GROUP, P.C.<br>550 South Hope Street, Suite 2655<br>Los Angeles, CA 90071<br>213.488.6555 | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br>Beth A. Gunn, SB 218889 / Aaron H. Cole, SB 236655<br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.<br>400 South Hope Street, Suite 1200<br>Los Angeles, CA 90071<br>213.239.9800 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. sections 1332(c) and (d), 1441(a) and (b)(1), 1446, 1446(d) and 1453

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 388 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☒ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: | CV14-1352 |
|---|---|---|

| CV-71 (11/13) | CIVIL COVER SHEET | Page 1 of 3 |
|---|---|---|
| | | CCD-CV71 |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.   VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [X] Yes    [ ] No | [X] Los Angeles | Western |
| If "no," go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B:   Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| [ ] Yes    [ ] No | [ ] Los Angeles | [ ] Los Angeles | Western |
| If "no," go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C:  Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [X] |
| Indicate the location in which a majority of claims arose: | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

| C.1.  Is either of the following true?  If so, check the one that applies: | C.2.  Is either of the following true?  If so, check the one that applies: |
|---|---|
| [ ] 2 or more answers in Column C | [ ] 2 or more answers in Column D |
| [ ] only 1 answer in Column C and no answers in Column D | [ ] only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D, below. If none applies, answer question C2 to the right. ➤ | Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D, below. If none applies, go to the box below. ↓ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➤ | WESTERN |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?   [X] NO   [ ] YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?   [X] NO   [ ] YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):**   *Aaron H. Cole*   DATE: February 21, 2014

Aaron H. Cole

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Ronald S.W. Lew_____ and the assigned Magistrate Judge is _____Paul L. Abrams_____ .

The case number on all documents filed with the Court should read as follows:

## 2:14-cv-01352 RSWL-PLAx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

February 21, 2014                By  SBOURGEOIS_____
_____                     Deputy Clerk
Date

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**