Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
Nick Rosenthal (State Bar No. 268297)
nrosenthal@diversitylaw.com
**DIVERSITY LAW GROUP, P.C.**
550 S. Hope Street, Suite 2655
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
**HYUN LEGAL, APC**
550 S. Hope Street, Suite 2655
Los Angeles, CA  90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKO STAFFORD, as an individual and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>vs.<br><br>BRINK'S, INCORPORATED, a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>              Defendants. | Case No. 14-1352-MWF(PLAx)<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**<br><br>Date:     July 28, 2014<br>Time:    10:00 a.m.<br>Court:   1600<br>Judge:  Hon. Michael W. Fitzgerald |

# TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................1

II.    STATEMENT OF FACTS ......................................................2

III.   ARGUMENT............................................................................5

    A.    The Legal Standard for Summary Judgment ................5

    B.    Defendant's Wage Statements Actually Violate Labor Code Section 226(a), As a Matter of Law ................................5

    C.    Defendant's Wage Statements Do Not Provide "Transparency" .................................................................10

    D.    Plaintiff Has Suffered the Requisite Injury .................12

    E.    Defendant's Failure to List the Pay Start Date Is Knowing and Intentional ................................................14

    F.    Plaintiff's PAGA Claim Need Not Establish Any Injury or Knowing and Intentional Elements ..............................16

IV.    IN THE EVENT THAT THE COURT IS INCLINED TO GRANT THIS MOTION, PLAINTIFF RESPECTFULLY REQUESTS A CONTINUANCE SO THAT PLAINTIFF CAN CONDUCT ADDITIONAL DISCOVERY ........................................................17

V.     CONCLUSION .....................................................................19

ii

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

# TABLE OF AUTHORITIES

**State Cases**

*Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314 (2005)..........................................15

*Gonzalez v. Downtown LA Motors, LP*, 215 Cal. App. 4th 36, 54 (2013) ..............15

*Jaimez v. DAIOHS USA, Inc.*, 181 Cal. App. 4th 1286, 1305-1307 (2010)..... 13, 14

*Morgan v. United Retail, Inc.*, 186 Cal. App. 4th 1136 (2010).................. 11, 12, 14

**Federal Cases**

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ........................................................5

*Clark v. Capital Credit & Collection Serv., Inc.*, 460 F.3d 1162, 1178-79 (9th Cir.
2006)...................................................................................................................18

*Elliot v. Spherion Pacific Work, LLC*, 572 F. Supp. 2d 1169, 1180-81 (C.D. Cal.
2008)...................................................................................................................14

*Fields v. West Marine Prods. Inc.*, 2014 WL 547502, *8 (N.D. Cal. 2014)...........13

*Garrett v. City & County of San Francisco*, 818 F.2d 1515, 1518-19 (9th Cir.
1987) .......................................................................................................... 17, 18

*Hernandez v. BCI Coca-Cola Bottling Co.*, 2012 U.S. Dist. LEXIS 55301 (C.D.
Cal. Apr. 12, 2012)...........................................................................................12

*Kousar v. Mueller*, 549 F. Supp. 2d 1194, 1197 (N.D. Cal. 2008)..........................5

*Lopez v. G.A.T. Airline Ground Support, Inc.*, 2010 WL 2839417, at *6 (S.D. Cal.
July 19, 2010) ......................................................................................... 7, 11, 17

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)........5

*McKenzie v. Fed. Exp. Corp.*, 765 F. Supp. 2d 1222, 1229 (C.D.Cal.2011) .. passim

*McKenzie v. Federal Exp. Corp.*, 275 F.R.D. 290, 300 (C.D. Cal. 2011)...............14

*Seckler v. Kindred Healthcare Operating Group, Inc.*, 2013 WL 812656, *11-12
(C.D. Cal. 2013) ...............................................................................................13

*Soto v. Diakon Logistics (Delaware), Inc.*, 2013 WL 4500693, *9 (S.D. Cal. 2013)
..........................................................................................................................13

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ..................................................................................................................5

*Wang v. Chinese Daily News, Inc.*, 435 F. Supp. 2d 1042, 1050-51 (C.D. Cal. 2006) ..............................................................................................................14

*Willner v. Manpower, Inc.*, _ F. Supp. 2d _, 2014 WL 1303495 (N.D. Cal. March 31, 2014) .................................................................................................. passim

## Federal Rules

Federal Rule of Civil Procedure 56(a) ...........................................................5

Federal Rule of Civil Procedure 56(d) .....................................................2, 17

## State Statutes

California Labor Code § 226 ............................................................... 14, 16

California Labor Code § 226(a) ...................................................................16

California Labor Code § 226(a)(2) ...............................................................12

California Labor Code § 226(a)(6) ........................................................ passim

California Labor Code § 226(e) ............................................................ passim

California Labor Code § 2698 ....................................................................16

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

## I.    <u>INTRODUCTION</u>

Simply put, Defendant Brink's, Inc.'s ("Defendant") Motion for Summary Judgment should be denied because all existing, published authority holds that Defendant's wage statements violate California Labor Code Section 226(a)(6), as a matter of law.  As Defendant agrees, Section 226(a)(6) requires an employer to specify on an employee's wage statement "the inclusive dates of the period for which the employee is paid."

In the only two published cases addressing Labor Code Section 226(a)(6)'s requirements, *Willner v. Manpower, Inc.*, _ F. Supp. 2d _, 2014 WL 1303495 (N.D. Cal. March 31, 2014), and *McKenzie v. Fed. Exp. Corp.*, 765 F. Supp. 2d 1222, 1229 (C.D.Cal.2011), both the Northern and Central District Courts held that an employer violates Section 226(a)(6) if it does not include the start date of the pay period.  Further, in *Willner*, the District Court squarely rejected the very same argument being made in this case.  In particular, here, Defendant argues that by listing "every" date worked by Plaintiff on her paystubs, it has complied with Section 226(a)(6).  In *Willner*, however, the District Court found such an argument "unpersuasive": "[t]his argument is unpersuasive, because the dates on which an employee worked in any given pay period do not necessarily shed light on the date on which the pay period began...."  2014 WL 1303495, at *8.

Defendant fails to cite any authority to the contrary.  Indeed, Defendant's complete failure to mention the *Willner* case, despite being informed of said case during the parties' meet and confer exchange, is quite telling.  As such, Plaintiff Miko Stafford ("Plaintiff") respectfully requests that this Court follow *McKenzie*, 765 F. Supp. 2d at 1229, and *Willner*, 2014 WL 1303495, at *8, and deny Defendant's Motion for Summary Judgment.

In the event that the Court is inclined to grant Defendant's Motion, Plaintiff respectfully requests a continuance of the hearing on the Motion so that Plaintiff

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

can conduct further discovery pursuant to Federal Rule of Civil Procedure 56(d), in light of Defendant's refusal to provide a FRCP 30(b)(6) witness as requested and noticed by Plaintiff.

## II.   STATEMENT OF FACTS

Plaintiff worked as a non-exempt hourly employee at Defendant's Los Angeles Branch from April 2008, until February 12, 2013, when Plaintiff began a medical leave of absence through April 12, 2013.  (Fact Nos. 3-4).  On or about March 29, 2013, Plaintiff was placed on medical leave of absence through October 28, 2013, due to complications associated with her pregnancy, including as a result of her diabetes.  (*Id.*)  On or about September 26, 2013, Plaintiff delivered her baby through a cesarean section, which required Plaintiff to remain on leave until November 24, 2013.  (*Id.*)  Plaintiff was cleared to work without restriction on November 25, 2013.  (*Id.*)

Even though Plaintiff was on a protected medical leave of absence, on or about June 26, 2013, Defendant informed Plaintiff that her leave benefits had expired and that she would be terminated if she did not return to work as of August 27, 2013.  (*Id.*)  Given that Plaintiff's physicians had placed Plaintiff on a medical leave of absence through November 24, 2013, she was unable to return to work. (*Id.*)  On August 27, 2013, Defendant automatically terminated Plaintiff's employment without attempting to engage in any interactive process with Plaintiff, or attempt to offer any reasonable accommodations.  (*Id.*)

During the relevant time period, Plaintiff received eight wage statements, but none of the wage statements specify the start date of the pay period.  (Fact Nos. 6-8).  As Defendant admits in its Statement of Facts, "[n]one of the wage statements at issue use the phrase 'Period Beginning' to designate the first date o Brink's payroll period during which Plaintiff could have been paid...."  (Def.'s Memo. at p. 3:24-26).

In fact, there is absolutely nothing that appears on any of the wage statements which references a "pay period begin date" or anything remotely to that effect. (*See* Def.'s Exs. 15-22). Rather, and as admitted to by Defendant, and as plainly undisputed by the wage statements themselves, the non-vacation wages pay statements identify information pertaining to only various dates that the employee punched in/out of the time clock, and the number of hours purportedly worked on each respective date (the "Time Card Detail"). (*See* Def.'s Memo. at pp. 2:20-3:26; Fact Nos. 6-8; Def.'s Exs. 15-22).The Time Card Details also omit any reference to any year and instead refer to only what appears to be a month and day, e.g., "2/22." (*Id.*)

Significantly, as to the pay statement reflecting the payment of vacation wages, it not only fails to identify the pay period start date, it also fails to include any of the Time Card Detail information. (*See* Def.'s Memo. at p. 3:19-23; Def.'s Ex. 22).

While the wage statements do not identify a pay period begin date, each wage statement does identify a "Period Ending" date. For example, with respect to the wage statement with the January 25, 2013 "Advice Date," the "Period Ending" date is identified as January 20, 2013, while the time card detail section identifies dates of "1/7-1/11," and "1/15-1/18. (Def.'s Ex. 19). Indeed, for each wage statement that contain a time card detail section, the "Pay Ending" date never matches the last date identified in each respective time card detail section (*e.g.*, period ending date of Jan. 20, 2013, while time card detail section lists "1/18,"; period ending date of Feb. 17, 2013, while time card detail section lists "2/12"; etc….. (Def.'s Exs. 15-21). As further explained below, this is a key distinction that completely discredits Defendant's arguments.

Finally, with respect to the wage statement with "Advice Date" of February 22, 2013, Plaintiff was not only paid for wages based on the hours she purportedly

worked for the dates set forth in the time detail section ("2/4-2/7" and "2/12"), but Plaintiff also was paid additional vacation wages on this same wage statement. (Def.'s Ex. 21).  However, nothing on the Time Card Detail section, nor anywhere else on the wage statement shows which date(s) such vacation wages for which Plaintiff was being paid.  *Id*.  This is yet another key distinction that completely refutes Defendant's arguments.

Because of the absence of the requisite pay start date and the inconsistency between the "Period Ending" date and the last date worked identified on the respective time card detail section, Plaintiff could not ascertain the wages for which she was being paid.  As Plaintiff testified:

Q.   You don't know whether you checked your paycheck which –

A.   I checked my paychecks, but I didn't -- there was no starting date, **so it was hard for me to know what week I was getting paid for ... because there was no beginning date.**

\*\*\*

Q.   So are you confused because the last day you worked, January 4th, doesn't match up with the pay Period Ending date listed on the top of the Earnings Statement, January 6th; is that why you're confused?

A.   **I'm confused because there's no beginning date. So it throws off what my ending date is.** It says the 6th here; it says the 4th, so –

Q.   So you wouldn't expect -- well, let me try that again.  The ending -- I'm trying to understand what the source of your confusion is about the ending date – the Period Ending date not matching the last day you worked during that two-week period.

A.   **Because there's two different dates, and there's no beginning date** -- because here it says Monday, there's no Tuesday, Wednesday, Thursday, Friday, then there's Monday, Wednesday, Thursday, Friday again, and there's no beginning date.  **I don't know when the pay period started.**

(Stafford Dep. 20:23-21:4,  31:7-25, emphasis added, *see also* 54:12-17; *see also* Stafford Dec. at ¶¶ 3-4).

Further, the only way Plaintiff could verify the accuracy of the hours on the Time Card Detail was to compare it with her actual punch in and punch out records contained in Defendant's time clock.  (*See* Fact No. 11).  Thus, the "Time Card Detail" actually creates confusion, which Defendant does not dispute.  (*See* Fact Nos. 12 & 14).

## III.   ARGUMENT

### A.   The Legal Standard for Summary Judgment

Summary judgment may only be granted where the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show[ ] that there is no genuine [issue of material] dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  If the party moving for summary judgment meets its initial burden of putting forth admissible evidence that shows the absence of any genuine issues of material fact, "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'"  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).  In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and must view the facts in the light most favorable to the non-moving party and give it the benefit of all reasonable inferences to be drawn from those facts.  *See T.W. Electric*, 809 F.2d at 630–31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574 (1986)); *Kousar v. Mueller*, 549 F. Supp. 2d 1194, 1197 (N.D. Cal. 2008) (citing *Matsushita Elec. Indus. Co., Ltd*., 475 U.S. at 587).

### B.   Defendant's Wage Statements Actually Violate Labor Code Section 226(a), As a Matter of Law

Again, California Labor Code Section 226(a)(6) specifically requires an

employer to specify on an employee's wage statement "the inclusive dates of the period for which the employee is paid."

Two published opinions (and a third unpublished decision) have uniformly held that, to comply with Section 226(a)(6), ***the employer must list the actual pay period start date on the employee's paystub***.

Specifically, in *Willner v. Manpower, Inc.*, _ F. Supp. 2d _, 2014 WL 1303495 (N.D. Cal. March 31, 2014), the District Court held that the employer in that case violated Labor Code Section 226(a)(6) by failing to list the pay start date. In *Willner*, the employer argued that its inclusion of a time card detail listing each and every date that the employee worked during the pay period complied with Section 226(a)(6)'s requirement to list the "inclusive dates of the period for which the employee is being paid" – the very same argument currently made here by Defendant  *Id.* at *8.  Based on this very argument, the employer (just as Defendant does here) sought summary judgment.  Not only did the District Court reject the employer's arguments, but the District Court went further and actually held that the wage statements did indeed violate Section 226(a)(6):

> [T]he Court concludes that the statements at issue **do not contain the requisite "the inclusive dates of the period for which the employee is paid" under Section 226(a)(6), because only the pay period *end date*, and not the *start date* of the pay period, is included on the statement.**  Manpower argues that it satisfied the "inclusive dates" requirement of Section 226(a)(6) by including "**every work date**" for which Willner was paid.  This argument is **unpersuasive, because the dates on which an employee worked in any given pay period do not necessarily shed light on the date on which the pay period began....  The "inclusive dates" required by Section 226(a)(6) refer to the start and end date of the pay period and necessarily must include the start date of the pay period in order to give meaning to the word "inclusive."  A failure to include the start date of the pay period in a statement constitutes a violation of Section 226(a)(6).**

*Id.* at *8 (emphasis added).

1        Likewise, in *McKenzie*, 765 F. Supp. 2d 1222, the District Court held that

2   defendant violated Section 226(a)(6), as a matter of law, by failing to include the

3   pay period beginning date on its employees' wage statements. *Id.* at 1229-31.

4        Similarly, in *Lopez v. G.A.T. Airline Ground Support, Inc.*, 2010 WL

5   2839417, at *6 (S.D. Cal. July 19, 2010), the District Court held that defendant

6   violated Section 226(a)(6) by failing to include the pay period beginning date on

7   the wage statements it issued to its employees.

8        Thus, based upon a plain reading of the statute and the cases interpreting the

9   statute, Section 226(a)(6) requires wage statements to list the beginning date of the

10   pay period.  Here, it is undisputed that Defendant does not list the beginning date

11   of the pay period.  As Defendant admits in its Memorandum of Points and

12   Authorities, "[n]one of the wage statements at issue use the phrase 'Period

13   Beginning' to designate the first date o Brink's payroll period during which

14   Plaintiff could have been paid ...."  (Def.'s Memo. at p. 3:24-26).  Instead,

15   Defendant's wage statements contain only the pay period end date and the "Time

16   Card Detail."  Specifically, Defendant argues that its wage statements show the

17   pay period beginning date based on the first date shown in the "Time Card Detail"

18   section of the wage statement.[1]  Defendant confuses days worked with the pay

19   period beginning date. **They are not the same.**  Although Defendant's wage

20   statements purportedly identify the days worked that correspond to the paycheck,

21   the days worked do not correspond to the pay period beginning or ending dates.

22        In other words, the Time Card Detail section apparently refers to only a

23   month and a day which the employee must surmise are dates worked, and nothing

24   else.  Moreover, the Time Card Detail does not even refer to the actual year that

25   

26   

27   _____

28   [1] Even if Defendant's argument is somehow entertained, the lack of the identification of a year in the Time Card Detail section stands as a further reason to deny this motion, as simply a month/day without a year, does not sufficiently qualify as identifying the ***accurate inclusive dates*** for which the employee is being paid.

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

the work was performed.  Using the wage statement with the pay Advice Date of February 22, 2013 as an example, under Defendant's argument, the inclusive dates of the period for which the employee is paid would be "2/4" and "2/12," as those are the earliest and latest dates identified in the Time Card Detail section.  (Def.'s Ex. 21).  However, there are numerous problems with this argument.  First, the employee cannot determine the pay period beginning date by looking at the Time Card Detail because the pay period beginning date is not the same as the days worked in a pay period.  What if on the same wage statement, Plaintiff also worked on February 3, 2013?  How is Plaintiff to know whether the hours worked on February 3, 2013 is to be included on the wage statement with the pay Advice Date of February 22, 2013, or some other wage statement?  Indeed, this is the very reason why wage statements are required to show the accurate pay period start date and pay period end date – so that an employee can know which dates of work are to be included and paid on the particular wage statement.  Defendant's arguments completely fly in the face of this very purpose.

This problem with Defendant's argument is further exemplified by the fact the latest date on each Time Card Detail section does not match up with the "Period Ending" date identified on each respective wage statement.  As noted above, this is a key distinction that highlights the fallacy in Defendant's arguments.

For example, Plaintiff's wage statement attached as Defendant's Exhibit 5, page 28, shows a pay period ending date of January 6, 2013.  However, the last day on the Time Card Detail reports "1/4" as the last day and has eight total days shown on the Time Card Detail.

Similarly, Plaintiff's wage statement attached as Defendant's Exhibit 6 at page 29, shows a pay period ending date of January 20, 2013, but the Time Card Detail lists "1/18" as the last day and a total of nine days.  Adding to the confusion is Plaintiff's wage statement attached as Defendant's Exhibit 7 at page 30, which

shows a pay period ending date of February 3, 2013, but the Time Card Detail lists only two days, the last day of which is "1/23. This same pattern continues for all of the wage statements.

So, this begs the question as to how the Time Card Detail can be used to determine "the inclusive dates of the period for which the employee is being paid," in compliance with Labor Code Section 226(a)(6). The answer to this question is that the Time Card Detail cannot be used to determine the pay period dates, as the Time Card Detail information simply shows the dates and hours the employee purportedly punched in/out of work, and nothing more.

However, there is even a further fallacy with respect to Defendant's arguments. Using the same February 22, 2013 pay Advice Date wage statement, as noted above, Plaintiff was also paid vacation wages in addition to wages for her hours worked. (*See* Def.'s Ex. 21, wage statement showing payment of $303.60 in vacation wages). Again, under Defendant's argument, the inclusive dates for which Plaintiff was being paid was "2/4" and "2/12." However, given that the Time Card Detail section does not identify the date(s) for which the vacation wages were being, that simply begs the question as to which date(s) were such vacation wages being paid? Are the vacation wages being paid for February 3, February 11, February 15, or some other date(s)? In other words, how is Plaintiff supposed to determine which date(s) the vacation wages are intended to cover? Plainly put, Plaintiff cannot determine this information from Defendant's wage statements. Had Defendant's wage statements clearly identified a specific pay period begin date, Plaintiff would thus be able to determine within which dates her vacation wages were being paid for. (Stafford Dec. at ¶ 5). Without having the benefit of the wage statement identifying such information, Plaintiff is simply left to guess on her own as to which date(s) such vacation wages were being paid for. (*Id.*)

It was for such reasons that the *Willner* Court held that the employer's use of a similar time card detail in that case still violated Labor Code Section 226(a)(6). Again, here, neither Plaintiff nor any other employee can determine the pay period start date by looking at the Time Card Detail section of the wage statement because the work days listed in the Time Card Detail and the pay period start date differ. At a minimum, Plaintiff submits that adjudication of this dispute presents a triable issue which should not be summarily adjudicated pursuant to Defendant's Motion for Summary Judgment.

Finally, with respect to the wage statement with the pay Advice Date of March 8, 2013, wherein Plaintiff was solely paid for 8 hours of vacation wages and nothing else, such a wage statement is a clear violation of Labor Code Section 226(a)(6). (Def.'s Ex. 22). As undisputed by Defendant, this wage statement does not even contain a Time Card Detail section. And as the same wage statement does not contain any other information referencing what the pay period begin date is or for which date(s) Plaintiff is being paid the vacation wages, Plaintiff clearly cannot even attempt to determine for which time period such vacation wages are being paid. (Stafford Dec. at ¶ 6). Despite whatever twists and spins Defendant tries to put on this, there is absolutely no doubt that such a wage statement fails to comply with Labor Code Section 226(a)(6).

Based on the foregoing reasons, Defendant's arguments are illogical and without merit and, thus, this Motion must be denied in its entirety.

## C.     Defendant's Wage Statements Do Not Provide "Transparency"

Notwithstanding the fact that Defendant's wage statements do not list the "inclusive dates," Defendant argues that Plaintiff could have used the Time Card Detail to determine whether her pay was correct. This is a non-starter for a very fundamental reason. As Plaintiff testified, the Time Card Detail did not match up with the pay period:

Q.   So are you confused because the last day you worked, January 4th, doesn't match up with the pay Period Ending date listed on the top of the Earnings Statement, January 6th; is that why you're confused?

B.   **I'm confused because there's no beginning date. So it throws off what my ending date is.** It says the 6th here; it says the 4th, so –

Q.   So you wouldn't expect -- well, let me try that again.  The ending -- I'm trying to understand what the source of your confusion is about the ending date – the Period Ending date not matching the last day you worked during that two-week period.

A.   **Because there's two different dates, and there's no beginning date** -- because here it says Monday, there's no Tuesday, Wednesday, Thursday, Friday, then there's Monday, Wednesday, Thursday, Friday again, and there's no beginning date.  **I don't know when the pay period started.**

(Stafford Dep. 31:7-25, emphasis added).

As Plaintiff further testified, based on these differences, she could not ascertain whether her pay was accurate based on the inconsistent Time Card Detail:

Q.   You don't know whether you checked your paycheck which –

A.   I checked my paychecks, but I didn't -- there was no starting date, **so it was hard for me to know what week I was getting paid for ... because there was no beginning date.**

(Stafford Dep. 20:23-21:4, emphasis added, *see also* 54:12-17).

None of the authorities cited by Defendant change this result.  In other words, none of the cases hold that an employer can comply with Section 226(a)(6) by failing to include the pay period start date, but instead including a Time Card Detail which is inconsistent with the pay period end date.

For example, *Morgan v. United Retail, Inc.*, 186 Cal. App. 4th 1136 (2010), did not address the issues presented here.  Rather, *Willner*, *McKenzie*, and *Lopez*, expressly addressed Section 226(a)(6)'s requirement to list the pay period start date.  In stark contrast, in *Morgan*, the Court of Appeal addressed whether a wage

statement that separately listed the total regular hours and the total overtime hours worked during a pay period violated Labor Code Section 226(a)(2). *Id*. at 1148. As such, the *Morgan* Court did not address the issues here, and thus is inapplicable to the current Motion.

Likewise, *Hernandez v. BCI Coca-Cola Bottling Co.*, 2012 U.S. Dist. LEXIS 55301 (C.D. Cal. Apr. 12, 2012), was limited to the same issues presented in *Morgan*, in that the employer's stubs failed to separately list overtime and regular time on the paystub. Thus, Defendant's citation of *Hernandez* is without merit.

**D.     Plaintiff Has Suffered the Requisite Injury**

In *Willner*, the Court held that the employee established injury, as a matter of law, arising from the employer's failure to include the pay period start date: "[t]he Court concludes that ... an employee cannot promptly determine from the wage statements alone ... the start date of the pay period ....  Accordingly, the evidence before the Court establishes that Willner suffered injury within the meaning of Section 226(e)." 2014 WL 1303495, at *12.  Thus, Plaintiff submits that she has established injury, as a matter of law.

Moreover, as the Court is aware, California Labor Code Section 226(e) was amended by S.B. 1255, effective January 1, 2013, in which the Legislature reaffirmed the general principle that

> An employee is ***deemed to suffer injury*** for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: ... any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), ... **(6)** [**inclusive pay periods**], and (9) of subdivision (a).

(Emphasis added).

Through S.B. 1255, the Legislature intended to clarify Labor Code Section 226(e)'s injury requirement. *See*, *e.g.*, *Soto v. Diakon Logistics (Delaware), Inc.*, 2013 WL 4500693, *9 (S.D. Cal. 2013) ("The Senate Bill Analysis indicates that because of the contradictory and inconsistent interpretations of what constitutes 'suffering injury' ... in the various court cases ... it is necessary to provide further clarity on the issue'") (*Seckler v. Kindred Healthcare Operating Group, Inc*., 2013 WL 812656, *11-12 (C.D. Cal. 2013)); *Fields v. West Marine Prods. Inc*., 2014 WL 547502, *8 (N.D. Cal. 2014) ("Plaintiffs cite decisions holding that the injury requirement is minimal.  This interpretation is reinforced by the 2013 statutory amendment to Section 226 ***clarifying*** the injury requirement by providing a statutory definition.") (Emphasis added).

Defendant agrees that the amended version of Labor Code Section 226(e) applies.  (*See* Def.'s Memo. at pp. 12:27-13:8).  Again, here, it is undisputed that Plaintiff could not ascertain the pay period by simply looking at the wage statement itself, including the Time Card Detail, given that the Time Card Detail did not match up with the pay period end date.  (Stafford Dep. 31:7-25; *see also* Stafford Dec. at ¶¶ 4-6).  As such, Plaintiff could not ascertain from her wage statements the pay period dates for which she was being paid on each wage statement.  (Stafford Dep. 20:23-21:4, 54:12-17; *see also* Stafford Dec. at ¶¶ 4-6).  Accordingly, it is undisputed that Plaintiff has suffered injuries under Labor Code Section 226(e).

Further, notwithstanding the Legislature's relaxation of Section 226(e)'s injury provision, numerous courts have all held that the injury requirement is "modest" and that a "minimal showing" will suffice.  For example, in *Jaimez v. DAIOHS USA, Inc*., 181 Cal. App. 4th 1286, 1305-1307 (2010), the California Court of Appeal explained that "[w]hile there must be some injury in order to recover damages, a very **modest showing** will suffice."  *Id.* at 1305-1307

(emphasis added, citing *Wang v. Chinese Daily News, Inc*., 435 F. Supp. 2d 1042, 1050-51 (C.D. Cal. 2006) and *Elliot v. Spherion Pacific Work, LLC*, 572 F. Supp. 2d 1169, 1180-81 (C.D. Cal. 2008)); *see also McKenzie v. Federal Exp. Corp*., 275 F.R.D. 290, 300 (C.D. Cal. 2011) ("the injury element in section 226(e) only requires a 'very modest showing'").

Thus, courts have held that injury can be established if employees are forced to review other documents to see if their pay is accurate. *Jaimez*, 181 Cal. App. 4th at 1306-1307; *Morgan*, 186 Cal. App. 4th at 1228-29 (an employer violates Labor Code Section 226 if an employee must to refer to other documents to calculate his wages); *McKenzie v. Federal Express Corp*., 765 F. Supp. 2d 1222, 1229 (C.D. Cal. 2011) (same); *Elliot*, 572 F. Supp. 2d at 1181 (same).

Again, the wage statement and Time Card Detail here were not the same as the pay period. To the contrary, in each of the wage statements submitted by Defendant, the pay period end date is different from the last date worked on the paystub. Thus, for Plaintiff to determine whether she was paid properly in each pay period, Plaintiff would have to line up all of her wage statements next to each other along with her actual time punches maintained in Defendant's time clocks. (*See* Fact No. 11; Stafford Dec. at ¶ 7). As such, it is actually undisputed that Plaintiff was required to refer to other documents in attempting to verify the accuracy of the Time Card Detail. Therefore, the Time Card Detail is not sufficient, in and of itself, to provide the "inclusive dates for which" Plaintiff was being paid.

## E.   Defendant's Failure to List the Pay Start Date Is Knowing and Intentional

As explained by the District Court in *Willner*, 2014 WL 1303495, at *11, the plaintiff need only show that the defendant knew that its wage statements did not contain the pay period start date. Significantly, the *Willner* Court explained that

the plaintiff need not show that the defendant knew that its conduct was unlawful. *Id.*

This is consistent with the California Court of Appeal's definition of "willful" or intentional conduct.  As explained by the Court of Appeal in *Gonzalez v. Downtown LA Motors, LP*, 215 Cal. App. 4th 36, 54 (2013):

> [T]o be at fault within the meaning of [section 203], the employer's refusal to pay need not be based on a deliberate evil purpose to defraud workmen of wages which the employer knows to be due.  As used in section 203, "willful" merely means that the employer intentionally failed or refused to perform an act *which was required to be done.*'

*Id.* (Emphasis in original, citing *Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314 (2005)).

Here, it is undisputed that Defendant intentionally omitted the pay period start date from Plaintiff's paystubs.  To be sure, as Virginia Fuentes, Defendant's Human Resources Manager, West Region, states in her declaration, "[b]y including the 'Time Card Detail' section on the wage statements, Brink's ***intended*** to accurately itemize the amount Brink's was paying Plaintiff for the hours she worked."  (Fuentes Dec. at ¶ 6, emphasis added).  In other words, Defendant "intended" to rely on the Time Card Detail to provide Plaintiff with the "inclusive dates" of the pay period, even though the actual dates listed in the Time Card Detail markedly differed from the actual pay period end date as discussed above.  Thus, Defendant was not only aware that its wage statements did not include the pay period start date, but it "intended" to omit them and instead rely on the Time Card Detail, which is unlawful.  As such, Defendant's violation of Labor Code Section 226(a)(6) was "knowing and intentional."

And, contrary to Defendant's assertions, Defendant need not believe that its conduct was unlawful, nor must Plaintiff prove as such.  Again, in *Willner*, the Court rejected the rule that a plaintiff must prove that the defendant acted knowing

that its conduct was unlawful.  2014 WL 1303495, at *11.  Accordingly, whether Defendant believed that its conduct was lawful is irrelevant and is not a defense to a violation of Labor Code Section 226.  Indeed, Labor Code Section 226 was enacted in 1943.  Therefore, Defendant must have known of its requirements, given that it has conducted business in this State since 1927 (as shown in California Secretary of State corporate records).

However, in the event that the Court is inclined to grant this Motion on this ground, Plaintiff requests a continuance (as discussed below) to conduct discovery, including taking the deposition of Defendant's Rule 30(b)(6) on the knowing and intentional element.  Without affording Plaintiff the opportunity to take the deposition of Defendant's Rule 30(b)(6) witness, Defendant argues in conclusory fashion that its conduct was not "knowing and intentional," such that Plaintiff cannot recover penalties under Labor Code Section 226(e).  If the Court is inclined to grant the Motion, Plaintiff requests leave to complete the deposition of Defendant's Rule 30(b)(6) witness on this topic.

## F.      Plaintiff's PAGA Claim Need Not Establish Any Injury or Knowing and Intentional Elements

As Defendant has failed to carry its burden to show that it is entitled to summary judgment on Plaintiff's Labor Code Section 226(a) claim, Defendant cannot obtain summary judgment on Plaintiff's claim asserted pursuant to the Private Attorney General's Act (the "PAGA"), California Labor Code Section 2698, *et seq.*

Notwithstanding, even if this Court were inclined to dismiss Plaintiff's First Cause of Action due to the absence of injury or knowing/intentional elements, Plaintiff's PAGA claim must still survive.  As numerous District Courts have held, while PAGA claims predicated upon violations of Labor Code § 226(a) need not establish any injury or that Defendant's violation was knowing and intentional, as

such elements are not necessary in order to prevail on a PAGA cause of action. *Willner*, 2014 WL 1303495, at *15 ("Willner is not required to establish injury in order to obtain judgment on [the PAGA] claim. All she needs to establish is a violation of section 226(a)."); *McKenzie*, 765 F. Supp. 2d at 1231-32 ("the Court holds that McKenzie does not need to prove that she suffered injury, as required under Section 226(e), to recover civil penalties under PAGA"); *Lopez*, 2010 WL 2839417, at *6 (holding that the plaintiff could recover PAGA penalties even though the plaintiff did not allege, nor prove injury under Labor Code Section 226(e)). ().

As such, Plaintiff's PAGA cause of action can survive even if Plaintiff's first cause of action is dismissed.

**IV.    IN THE EVENT THAT THE COURT IS INCLINED TO GRANT THIS MOTION, PLAINTIFF RESPECTFULLY REQUESTS A CONTINUANCE SO THAT PLAINTIFF CAN CONDUCT ADDITIONAL DISCOVERY**

In the event that this Court is inclined to grant Defendant's Motion for Summary Judgment, Plaintiff respectfully requests a continuance so that Plaintiff can complete the deposition of Defendant's Federal Rule of Civil Procedure 30(b)(6) witness(es).  Pursuant to Federal Rule of Civil Procedure 56(d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Summary judgment may not be granted until the court first determines the merits of the opposing party's request for a continuance.  *Garrett v. City & County*

*of San Francisco*, 818 F.2d 1515, 1518-19 (9th Cir. 1987).  It is an abuse of discretion to deny a continuance if: (1) the non-moving party has diligently pursued previous discovery opportunities; and (2) the additional discovery could have precluded summary judgment.  *Clark v. Capital Credit & Collection Serv., Inc.*, 460 F.3d 1162, 1178-79 (9th Cir. 2006).

Here, Plaintiff has been diligent in conducting discovery.  As set forth in Plaintiff's counsel's Declaration, on February 27, 2014, Plaintiff propounded her First Set of Interrogatories and Requests for Production of Documents.  (Hyun Dec. at ¶ 3, Exs. "A" & "B").  On March 31, 2014, Defendant served purported "responses" to Plaintiff's written discovery, which consisted solely of objections and, in particular, Defendant refused to respond at all because of Plaintiff's Motion for Remand to Superior Court.  (*Id.* at ¶ 4, Exs. "C" & "D").  As such, on April 1, 2014, Plaintiff's counsel sent an email to Defendant's counsel, requesting to conduct a meet and confer pursuant to Local Rule 37-1.  (*Id.* at ¶ 5, Ex. "E").  Accordingly, on April 10, 2014, the parties conducted an in-person meet and confer. (*Id.* at ¶ 5).  Pursuant to those meet and confer discussions, Defendant agreed to supplement its responses.  (*Id.* at ¶ 5 and Exs. "F"-"H").  Upon review of said responses and all of Defendant's document production, on June 26, 2014, Plaintiff sent a draft Notice of Deposition of Defendant's Rule 30(b)(6) Witness(es), asking Defendant's counsel to coordinate a mutually agreeable date upon which to depose the person(s) most qualified.  (*Id.* at ¶ 6, Ex. "I").  Defendant's counsel did not respond.  Instead, on June 30, 2014, Defendant's counsel filed this Motion for Summary Judgment.  (*Id.*)  On the same day that Defendant's counsel filed this Motion for Summary Judgment, Plaintiff's counsel served the Notice of Deposition of Defendant's Rule 30(b)(6) Witness(es), setting the deposition for July 2, 2014.  (*Id.* at ¶ 7, Ex. "J").  Plaintiff's counsel informed Defendant's counsel that he needed to conduct the deposition in connection with

the Motion for Summary Judgment.  (*Id.*)  Nevertheless, Defendant's counsel responded by stating that she would not produce any witnesses even though said testimony was pertinent to opposing this Motion.  (*Id.* at ¶ 7, Ex. "K").

For example, whether Defendant's conduct was knowing and intentional could be ascertained through a Rule 30(b)(6) deposition.  Indeed, in *Willner*, 2014 WL 1303495, at *11, the plaintiff presented the defendant's Rule 30(b)(6) witness' deposition testimony in which she testified that she was aware that the wage statements did not include the pay period start date.  *Id.*  Likewise, in this case, Plaintiff's counsel should be afforded the opportunity to take Defendant's Rule 30(b)(6) witness(es)' deposition to fully oppose this Motion for Summary Judgment.

## V.   <u>CONCLUSION</u>

For the reasons stated above, Defendant's Motion for Summary Judgment should be denied, with prejudice.  In the event that the Court is inclined to grant the Motion, Plaintiff respectfully requests a continuance so that she can take the deposition of Defendant's Rule 30(b)(6) witness(es).

Dated:  July 7, 2014                    HYUN LEGAL, APC

                                        By:   /s/ Dennis S. Hyun
                                              Dennis S. Hyun
                                              Attorneys for Plaintiff and the Class