NOTE: CHANGES MADE BY THE COURT

BETH A. GUNN, CA Bar No. 218889
beth.gunn@ogletreedeakins.com
AARON H. COLE, CA Bar No. 236655
aaron.cole@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:  213.239.9800
Facsimile:   213.239.9045

Attorneys for Defendant
BRINK'S, INCORPORATED

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKO STAFFORD, as an individual and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>   v.<br><br>BRINK'S, INCORPORATED, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>      Defendants. | Case No. CV14-01352 MWF(PLAx)<br><br>**ORDER RE: STIPULATED PROTECTIVE ORDER OF THE PARTIES**<br><br>*[Concurrently filed with Stipulated Protective Order Of The Parties.]*<br><br>Complaint Filed:  January 3, 2014<br>Removal Date:  February 21, 2014<br>Trial Date:  None Set<br>District Judge:  Hon. Michael W. Fitzgerald<br>Magistrate Judge:  Paul L. Abrams |

Based upon the Stipulated Protective Order submitted by the parties, and for good cause shown:

The Court hereby ORDERS that:

## 1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action, which has been brought by plaintiff Miko Stafford ("Plaintiff") against defendant Brink's, Incorporated ("Defendant"), is likely to involve production of material that a producing party contends is confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted, including, but not limited to: (1) confidential security information, including information related to the health and safety of Defendant's employees; (2) proprietary procedures, manuals, and policies; (3) proprietary and confidential operations information, including agreements or specifications; (4) internal business or financial information; (5) confidential scientific and technical designs, formulations, and information; (6) the personnel files of current and/or former nonparty employees of one or more of the defendant entities; (7) documents related to individuals who volunteered for one or more of the defendant entities; (8) the private information of current and/or former employees of one or more of the defendant entities; (9) the private information of individuals who volunteered for one or more of the defendant entities, including, but not limited to, members of the putative classes defined in this action; (10) any other similar proprietary, confidential, and/or private information; and (11) any trade secrets.

Good cause exists to protect the good faith designation of each of the categories of documents identified above, as prejudice or harm to Plaintiff and Defendant (collectively, the "Parties") and/or to one or more third parties may result if no protective order is granted.  In particular, Defendant's employees' safety could be jeopardized, business competitors of Defendant could obtain an unfair advantage,

Defendant could be economically prejudiced, customers of Defendant could be economically prejudiced, and the privacy rights of Defendant's current and/or former employees could be violated if any of the confidential information identified above is published for purposes outside those permitted in this Stipulated Protective Order, including Plaintiff.  The Parties seek to avoid undue economic harm to the Parties and/or to third parties resulting from complying with their discovery obligations.  The purpose of this Stipulated Protective Order is to protect any legitimately designated confidential business, employee, and privacy-protected information to be produced in this action from public disclosure.

Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties, and third parties designating documents for protection under this Order, acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The Parties further acknowledge, as set forth in Paragraph 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

2.   **<u>DEFINITIONS</u>**

2.1.   Unless otherwise specified, the terms listed below have the following meanings as used throughout this Stipulated Protective Order:

(a)   The terms "**Acknowledgment And Agreement To Be Bound**," "**Certification**," and "**Certifications**" mean and refer to the document which is entitled, "Acknowledgment And Agreement To Be Bound," and which has been attached as Exhibit A to this Stipulated Protective Order.

(b)   The terms "**Confidential**," "**Confidential Information**," and "**Confidential Items**" mean information (regardless of how generated, stored, or maintained) and/or tangible things that qualify for protection under the provisions of Paragraph 1, above.

(c)     The term "**Counsel**," without any qualifier, means Outside Counsel and House Counsel (as well as their respective support staffs).

(d)     The term "**Designating Party**" means a Party or nonparty that designates information and/or items that it produces in responses to discovery in this matter as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only."

(e)     The terms "**Disclose**," "**Disclosed**," and "**Disclosure**" mean to reveal, divulge, give, or make available any items, information, and/or materials, or any part thereof, or any information contained therein.

(f)     The term "**Discovery Material**" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, and/or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

(g)     The term "**Expert**" means any person(s) with specialized knowledge and/or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel to serve as an expert witness or as a consultant in this action and who is not a current and/or former employee of an adverse Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

(h)     The terms "**Highly Confidential – Attorneys' Eyes Only**," "**Highly Confidential – Attorneys' Eyes Only Information**," and "**Highly Confidential – Attorneys' Eyes Only Items**" mean extremely sensitive Confidential Information and/or Confidential Items whose Disclosure to another Party or to a nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

(i)     The term "**House Counsel**" means attorneys who are employees of a Party to this action.

(j)      The term "**Outside Counsel**" means attorneys who are not employees of any Party but who are and/or have been retained to represent and/or advise one or more Parties in this action.

(k)      The terms "**Party**" and "**Parties**" mean any and all parties to this action, including, but not limited to, any and all officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff) of any party to this action.

(l)      The term "**Private Material**" means any document or other Discovery Material that contains the names, addresses, and/or other contact information of any current and/or former employee(s) of one or more of the defendant entities.

(m)      The term "**Producing Party**" means a Party or nonparty that produces Discovery Material in this action.

(n)      The term "**Professional Vendors**" means persons and/or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, and/or retrieving data in any form or medium; etc.) and their respective employees and/or subcontractors.

(o)      The terms "**Protected Material**" and "**Protected Materials**" mean any Discovery Material that is designated by any Party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or that contains any Private Material.

(p)      The term "**Receiving Party**" means a Party that receives Discovery Material from a Producing Party.

(q)      The terms "**Stipulated Protective Order**" and "**Order**" mean and refer to the document captioned "Stipulated Protective Order Of The Parties."

2.2.     The Parties expressly agree that the term "trade secrets" shall mean and

refer to any information – including any formula, pattern, compilation, program, device, method, technique, or process – that: (a) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its Disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy, and shall be interpreted in accordance with the definition of that term in Section 3426.1, subsection (d), of the California Civil Code.

**3.   SCOPE**

3.1.   <u>Covered Materials.</u>  The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, and/or compilations thereof, plus testimony, conversations, and/or presentations by Parties and/or Counsel to or in court and/or in other settings that actually reveal Protected Material.

Except as otherwise provided in Paragraph 11, below, Protected Material used at trial will become public absent a separate court order upon written motion and sufficient cause shown.  Any Party that intends to use Protected Material at trial will provide sufficient notice of the use of Protected Material, identifying the Protected Material with specificity, within sufficient time for the other Party to seek, via regular motion practice, a court order, or as required by court rules.  Sufficient notice shall be not less than ten (10) calendar days prior to the time by which a motion to protect Protected Material must be filed, or as required by court rules.

3.2.   <u>Covered Parties.</u>  After this Stipulated Protective Order has been signed by Counsel for the Parties, it shall be presented it to the Court for entry.  All Parties who, through their Counsel, have executed this Stipulated Protective Order as of the time it is presented to the Court for signature shall be bound by all terms and provisions set forth herein.  Any Party who has not executed this Stipulated Protective Order as of the time it is presented to the Court for signature may

thereafter become a party to this Order, and shall thereafter be bound by all terms and provisions set forth herein, when Counsel for that Party (a) signs and dates a copy of this Order, and files the same with the Court; and (b) serves copies of such signed, dated, and filed Order on all other Parties.

## 4.   DURATION

4.1.   <u>Duration Of Confidentiality Obligations.</u>  Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise, in writing, or a court order otherwise directs.

4.2.   <u>Retention Of Jurisdiction.</u>  To the extent permitted by law, the Court shall at all times retain jurisdiction to enforce, modify, and/or reconsider the terms and provisions of this Stipulated Protective Order, even after the termination of this litigation.

## 5.   DESIGNATING PROTECTED MATERIAL

5.1.   <u>Exercise Of Restraint And Care In Designating Material For Protection.</u> Each Party and/or nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, and/or oral or written communications that qualify – so that other portions of the material, documents, items, and/or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, and/or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, and/or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber and/or retard the case development process, or to impose unnecessary expenses and burdens on other Parties), will expose the Designating Party to sanctions.  If it comes to a Party's or a nonparty's attention that information and/or items that it previously designated for protection do not qualify

for protection at all, or do not qualify for the level of protection initially asserted, that Party or nonparty must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2.   <u>Manner And Timing Of Designations.</u>   Except as otherwise provided in this Order (*see, e.g.*, Paragraph 5.2(a)(ii)), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is Disclosed or produced.   Designation in conformity with this Order requires:

(a)   For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings):

i.   That the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" conspicuously on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential – Attorneys' Eyes Only").

ii.   Any Party and/or nonparty that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this

Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") conspicuously on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential – Attorneys' Eyes Only").

(b)     For testimony given in deposition and/or in other pretrial proceedings, that the Designating Party – or, if the Designating Party is not present, the Party or nonparty offering or sponsoring the testimony – identify, on the record, before the close of the deposition, hearing, and/or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, any Party may invoke, on the record, and before the deposition, hearing, and/or other proceeding is concluded, a right to have a reasonable time period of up to twenty (20) calendar days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("Confidential" or "Highly Confidential – Attorneys' Eyes Only").  Only those portions of the testimony that are appropriately designated for protection within the reasonable time period of up to twenty (20) calendar days shall be covered by the provisions of this Stipulated Protective Order.  Pages of transcribed deposition testimony and/or exhibits to depositions that reveal

and/or contain Protected Material must be separately bound by the court reporter, who must affix conspicuously on each page that contains Protected Material the legend "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party.

(c)     For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix, in a prominent place on the exterior of the container(s) in which the information and/or item is stored, the legend "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information and/or items warrant protection, the Producing Party shall, to the extent practicable, identify the protected portions, specifying whether they qualify as "Confidential" and/or as "Highly Confidential – Attorneys' Eyes Only."

5.3.     <u>Inadvertent Failures To Designate.</u>  If timely corrected, an inadvertent failure to designate qualified information and/or items as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

6.1.     <u>Timing Of Challenges.</u>  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, and/or a later significant disruption and/or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is Disclosed.

6.2.     <u>Meet And Confer.</u>

(a) A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue or in writing, by e-mail or U.S. Mail) with Counsel for the Designating Party.

(b) For any designation of "Highly Confidential – Attorneys' Eyes Only," the Designating Party shall, within five (5) court days following a request, provide the Party challenging the designation with a written statement supporting its contention as to why Disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means, including a designation as "Confidential." If such a statement is not timely provided, the material will be automatically reclassified as "Confidential."

(c) In conferring regarding "Confidential" designations, the Designating Party must explain, in writing, within ten (10) calendar days following a request to justify a designation, the basis for its belief that the confidentiality designation was proper and/or whether it will reconsider the circumstances and change the designation. A challenging Party may proceed to the next stage of the challenge process only if it has first engaged in this meet-and-confer process. The meet-and-confer requirements of this Paragraph, to the extent they are not duplicative, shall be in addition to the meet-and-confer requirements described in Rule 37-1 of the Central District of California Local Civil Rules.

6.3.   <u>Judicial Intervention.</u>  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that, consistent with the requirements of Paragraph 10 of this Stipulated Protective Order, identifies the challenged material and sets forth, in detail, the basis for the challenge. The filing of any such motion must be in the form of a Joint Stipulation that complies with the requirements of

Rule 37-2 of the Central District of California Local Civil Rules.  Each such Joint Stipulation must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements described in Paragraph 6.2, above, and that sets forth, with specificity, the lack of justification for the confidentiality designation that was given by the Designating Party in the meet-and-confer dialogue, or the basis for disputing the designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all Parties and nonparties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.   Basic Principles.

(a)   Each Receiving Party may use Protected Material that is Disclosed or produced by another Party or by a nonparty in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and not for any business purposes or in connection with any other litigation.

(b)   Protected Material may be Disclosed and/or produced only to the categories of persons and under the conditions described in this Order.

(c)   When the litigation has been terminated, each Receiving Party must comply with the provisions of Paragraph 12, below.

(d)   Protected Material must be stored and maintained by each Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(e)   As detailed below, the Court and its personnel are not subject to this Stipulated Protective Order.

7.2.   Disclosure Of Confidential Information And/Or Confidential Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may Disclose any information, document, and/or item that

has been designated "Confidential" only to:

(a)     The Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to Disclose the information, document, and/or item for this litigation;

(b)     The officers, directors, and employees (including, but not limited to, House Counsel) of the Receiving Party to whom Disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment And Agreement To Be Bound;

(c)     The officers, directors, and managers of the Designating Party (excluding, to the extent applicable, any members of the putative class(es) defined in this action, and, if one or more classes is certified, all members of such class(es)) during direct- or cross-examination during a deposition, to whom Disclosure is reasonably necessary for this litigation;

(d)     Experts of the Receiving Party to whom Disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment And Agreement To Be Bound;

(e)     The Court and its personnel;

(f)     Court reporters (other than those court reporters employed by the Court), their staffs, and Professional Vendors to whom Disclosure is reasonably necessary for this litigation and who have been informed that the information, document, and/or item is subject to a protective order and must remain confidential;

(g)     Any deposition, trial, and/or hearing witness who previously had access to the information, document, and/or item that has been designated "Confidential" to whom Disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment And Agreement To Be Bound;

(h)     Any person who is currently or was previously an officer, director, partner, member, employee, or agent of an entity that previously had

access to the information, document, and/or item that has been designated "Confidential" to whom Disclosure is reasonably necessary for this litigation;

(i)   Provided that the Parties have agreed to the Disclosure in writing, or the Court has ordered the Disclosure, potential witnesses in the action to whom Disclosure is reasonably necessary and who have signed the Acknowledgment And Agreement To Be Bound;

(j)   Provided that the Parties have agreed to the Disclosure in writing, or the Court has ordered the Disclosure, putative class members in the action to whom Disclosure is reasonably necessary and who have signed the Acknowledgment And Agreement To Be Bound; and

7.3.   <u>Disclosure Of Highly Confidential – Attorneys' Eyes Only Information And/Or Highly Confidential – Attorneys' Eyes Only Items.</u>  As detailed below, the Court and its personnel are not subject to this Stipulated Protective Order.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may Disclose any information, document, and/or item designated "Highly Confidential – Attorneys' Eyes Only" only to:

(a)   The Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to Disclose the information for this litigation and who have signed the Acknowledgment And Agreement To Be Bound;

(b)   The officers, directors, and managers of the Designating Party during direct- or cross-examination during a deposition or at trial, to whom Disclosure is reasonably necessary for this litigation;

(c)   Experts to whom Disclosure is reasonably necessary for this litigation, and who have signed the Acknowledgment And Agreement To Be Bound;

(d)   The Court and its personnel;

(e)   Court reporters (other than those court reporters employed by the

Court ), their staffs, and Professional Vendors to whom Disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment And Agreement To Be Bound; and

(f)     The author of the document or the original source of the information.

7.4.   <u>Procedures For Disclosure Of Protected Material To "Experts."</u>  Unless otherwise ordered by the Court or agreed to, in writing, by the Designating Party, if the Receiving Party of the Protected Material seeks to Disclose to an Expert (as defined in this Order) any information and/or item that has been designated as Protected Material, it first must:

(a)     Ensure that the Expert has read this Stipulated Protective Order and has executed the Acknowledgment And Agreement To Be Bound;

(b)     Have in its possession the Expert's executed Acknowledgment And Agreement To Be Bound prior to releasing any Protected Material to the Expert; and

(c)     Ensure that the Expert has agreed not to Disclose the Protected Material to anyone who has not also agreed to be bound by the Acknowledgment And Agreement To Be Bound.

Provided the Receiving Party complies with the provisions of this Paragraph 7.4, the Receiving Party has no obligation to disclose the identity of any of its Experts pursuant to this Paragraph, but this Paragraph shall not affect any duty to disclose experts contained in applicable rules, by stipulation of the Parties, or by order of the Court.

## 8.   <u>PROTECTED MATERIAL SUBPOENAED AND/OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel Disclosure of any information and/or items designated

in this action as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party must:

      (a)    Notify the Designating Party, in writing (by fax or e-mail, if possible).  The Receiving Party must provide such notification as soon as is practicable, and must use its best efforts to provide such notification within three (3) court days after receiving the subpoena or order.  When providing such notification to the Designating Party, the Receiving Party must include a copy of the subpoena or court order that would compel the Disclosure described herein.

      (b)    Provide prompt notification, in writing, to the party that caused the issuance of the subpoena or order in the other litigation that some or all the information and/or items covered by the subpoena or order is the subject of this Stipulated Protective Order.  When providing such notification to the party in the other action that caused the subpoena or order to issue, the Receiving Party must include a copy of this Stipulated Protective Order.

The purpose of imposing these duties on the Receiving Party is to alert the interested parties in the other action that caused the subpoena or order to issue to the existence of this Stipulated Protective Order, and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

The Designating Party shall bear the burden and expense of seeking protection in any other court of its confidential material in response to a subpoena or an order issued in other litigation that would compel the Disclosure described herein.

## 9.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has Disclosed Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately:

(a)     Notify the Designating Party, in writing, of the unauthorized Disclosure(s);

(b)     Use its best efforts to retrieve all copies of the Protected Material;

(c)     Inform the person or persons to whom unauthorized Disclosures were made of all the terms of this Order; and

(d)     Request that the person or persons to whom unauthorized Disclosures were made execute the Acknowledgment And Agreement To Be Bound.

**10.     FILING PROTECTED MATERIAL**

The Parties, including the Designating Party, may not file in the public record in this action any Protected Material designated as "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only" without complying with the following rules and orders regarding lodging or filing material under seal: Rule 26(c) of the Federal Rules of Civil Procedure, Rule 79-5 of the Central District of California Local Civil Rules, and paragraphs 5 and 7 of the Procedures and Schedules listed on the web site of the Honorable Michael W. Fitzgerald located at http://court.cacd.uscourts.gov.  =

Each Party agrees not to oppose any motion to seal Protected Material, except and only to the extent that a Party challenges or has previously challenged, in any manner, the designation of the Protected Material that is the subject of the motion to seal. **Good cause must be shown in order to file any documents under seal.**

**11.     USING PROTECTED MATERIAL AT TRIAL**

11.1.   Procedures In Connection With Pretrial Disclosures.  Not later than the deadline for filing pretrial disclosures pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure, the Parties shall meet and confer regarding the procedures for use of Protected Material at trial and shall move the Court for entry of an appropriate order.  In the event that the Parties cannot agree upon the procedures for use of Protected Material at trial, each Party shall include a notation in its pretrial disclosures that the intended disclosure contains Protected Material.  The Parties may

object to the Disclosure of Protected Material pursuant to Rule 26(a)(3)(B) of the Federal Rules of Civil Procedure, and the Court shall resolve any outstanding disputes over such Disclosure.

11.2.   Compliance With The Court's Standing Order.  The Parties shall comply with the requirements set forth in paragraphs 5 and 7 of the Procedures and Schedules listed on the web site of the Honorable Michael W. Fitzgerald located at http://court.cacd.uscourts.gov, for use of sealed or confidential documents at trial, and nothing in this Order, or in any other agreement of the Parties, should be construed as authorizing or encouraging any Party's noncompliance with such requirements.

## 12.   FINAL DISPOSITION

12.1.   Return And/Or Destruction Of Protected Materials.  Unless otherwise ordered or agreed in writing by the Producing Party and, if not the same person or entity, the Designating Party, within sixty (60) calendar days after the settlement or other final termination of this action, each Receiving Party must return to the Producing Party all Protected Materials, and all reproductions thereof, including all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Materials.  In the alternative, and upon receipt of permission, in writing, from the Designating Party, a Receiving Party may elect, within sixty (60) calendar days after the settlement or other final termination of this action, to destroy some or all of the Protected Materials.

12.3   Certification Of Disposition Of Protected Materials.  Prior to expiration of the sixty (60) day deadlines described in Paragraphs 12.1 and 12.2, above, Counsel for each Receiving Party must submit a written certification to the Producing Party and, if not the same person or entity, the Designating Party that (a) identifies (by category, where appropriate) all of the Protected Materials that were returned to the Producing Party; (b) identifies (by category, where appropriate) all of the Protected Materials that, with written permission from the Designating Party,

were destroyed by the Receiving Party; and (c) affirms that the Receiving Party has not retained any Protected Materials, including any copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Materials.

12.4.  <u>Retention Of Archival Copies.</u>  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, and/or attorney work product, even if such materials contain and/or reveal Protected Materials.  Any such archival copies that contain or constitute Protected Materials remain subject to this Stipulated Protective Order as described in Paragraph 4, above.

## 13.   <u>MISCELLANEOUS</u>

13.1.  <u>Counsel Agree To Maintain A File Of All Certifications (Exhibit A) Required By This Order.</u>  The file containing the Acknowledgments And Agreements To Be Bound and the specific Certifications therein shall not be available for review by opposing Counsel absent an agreement of the Parties or an order of the Court in this action determining that there is a good faith basis for the Certifications, or any part of them, to be reviewed.

13.2.  <u>Right To Further Relief.</u>  Nothing in this Order abridges the right of any person and/or entity to seek its modification by the Court at any time in the future.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

13.3.  <u>Right To Assert Other Objections.</u>  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.

***IT IS SO ORDERED.***

Dated:  August 19, 2014

_____
The Honorable Paul L. Abrams
United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ *[print or type full name]*, of

_____

*[print or type full address]*, expressly declare, represent, and agree, under penalty of perjury, that:

1.     I have read, in its entirety, and I understand the Stipulated Protective Order of the Parties that was issued by the United States District Court, Central District of California, on _____, 2014 in the case of *Miko Stafford v. Brink's, Incorporated*, Case No. CV-14-1352 MWF (PLAx) (the "Stipulated Protective Order").

2.     I am executing this Acknowledgment And Agreement To Be Bound in order to satisfy the terms, provisions, and conditions set forth in the Stipulated Protective Order, and prior to the disclosure to me of any information, items, and/or documents that have been designated as "Confidential" pursuant to the Stipulated Protective Order.

3.     I will comply with, and agree to be bound by, all of the terms, provisions, and conditions set forth in the Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court.

4.     I will not disclose, in any manner, any information, documents, and/or items that are subject to this Stipulated Protective Order to any person and/or entity except in strict compliance with the terms, provisions, and conditions of this Stipulated Protective Order.

5.     I further agree to submit to the jurisdiction of the United States District Court, Central District of California, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after

disposition of this action.

      I hereby appoint _____ *[print or type full name]* of

_____ *[print or type full address and telephone number]* as my California agent for service of process in connection with this action and/or any proceedings related to enforcement of the Stipulated Protective Order.


Full Name *[Printed Or Typed]*:    _____

Date:    _____

City And State *[Where Sworn And Signed]*:    _____


Signature:    _____

18723024.1