Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
Nicholas Rosenthal (State Bar No. 268297)
nrosenthal@diversitylaw.com
DIVERSITY LAW GROUP, P.C.
550 S. Hope Street, Suite 2655
Los Angeles, CA  90071
(213) 488-6555
(213) 488-6554 facsimile

Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
HYUN LEGAL, APC
550 S. Hope Street, Suite 2655
Los Angeles, CA  90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKO STAFFORD, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRINK'S, INCORPORATED, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  2:14-cv-01352-MWF-PLA<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**(1) VIOLATION OF CAL. LABOR CODE § 226(a); AND**<br><br>**(2) VIOLATION OF CAL. LABOR CODE § 2698, *ET SEQ.***<br><br>**DEMAND FOR JURY TRIAL**<br><br>**DEMAND EXCEEDS $25,000.00** |

Plaintiff Miko Stafford ("Plaintiff") hereby submits this First Amended Class Action Complaint ("Complaint") against Defendant Brink's, Incorporated (the "Company" or "Defendant"), a Delaware corporation, and DOES 1-50 (hereinafter collectively referred to as "Defendants"), on behalf of herself and the Class of all other similarly situated current and former employees of Defendants for penalties

and/or damages for violations of the California Labor Code, including without limitation, failure to keep accurate records and failure to provide employees with accurate itemized wage statements as follows:

## INTRODUCTION

1.      This class action is within the Court's jurisdiction under California Labor Code §§ 226 and 2698, *et seq.* and the California Industrial Welfare Commission's ("IWC") Wage Orders.

2.      This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code against employees of Defendants.

3.      Plaintiff is informed and believes, and based thereon alleges, that Defendants jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by failing to keep accurate records and failing to provide accurate itemized wage statements identifying all required information, including without limitation, the inclusive dates of the period for which the employee is being paid.

4.      Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code and applicable IWC Wage Orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

## JURISDICTION AND VENUE

5.      Although Plaintiff believes that the state court has jurisdiction over this matter, as alleged in Defendant's Notice of Removal, Defendant argues that this Court has jurisdiction of this lawsuit under 28 U.S.C. §§ 1332(a)(1) (diversity of citizenship) and 1332(d)(2) (the Class Action Fairness Act (the "CAFA").  See Docket No. 1.  This Court has decided to exercise jurisdiction over the violations of the California Labor Code §§ 226, and 2698, *et seq.*  Moreover, as alleged below,

2

Plaintiff has met all of the jurisdictional requirements to proceed under the Private Attorney General's Act (the "PAGA"), Labor Code § 2698, *et seq.*

6.     Venue is proper in Los Angeles County because Defendants maintain business locations in Los Angeles County and Plaintiffs performed work for Defendants' facility located in Los Angeles County.

## PARTIES

7.     Plaintiff began working for the Company on or about April 13, 2008. Plaintiff last worked for Defendant as a non-exempt clerk earning $12.65 per hour. Plaintiff was terminated on or about August 27, 2013.

8.     Brink's is a Delaware corporation, which provides global security services throughout the United States, including throughout the State of California. The Company maintains facilities throughout the State of California, including in Los Angeles County, where Plaintiff worked.

9.     Plaintiff was and is a victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived her of the rights guaranteed by California Labor Code §§ 226 and 2698, *et seq.* and the applicable IWC Wage Orders.

10.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants and DOES 1 through 50 are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

11.     As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code §§ 226 and 2698, *et seq.* and the IWC Wage Orders.

12.     Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiffs pray for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes, and based thereon

3

alleges, that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiffs and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14.    Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co- Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

15.    At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

16.    At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the

acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

17. **Definition:** The named individual Plaintiff seeks class certification, pursuant to Federal Rule of Civil Procedure 23, of the following class:

      a.    All current and former non-exempt California employees who received a wage statement from Defendant at any time during the period of time from January 3, 2013, through the present.

18. **Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of the Company's records, including payroll records. Plaintiff is informed and believes, and based thereon alleges, that the Company: (a) failed to keep proper payroll records in violation of Labor Code § 226; and (b) failed to provide required itemized wage statements to employees in violation of Labor Code § 226.

19. **Adequacy of Representation**: The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and the named Plaintiffs. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

20. The Company uniformly administered a corporate policy, practice of: (a) failing to keep proper payroll records in violation of Labor Code § 226; and (b) failing to provide required itemized wage statements to employees in violation of Labor Code § 226.

21. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiffs and the claims of the Class concerning the Company's: (a) failing to keep proper payroll records in violation of Labor Code § 226; and (b) failing to provide required

5

itemized wage statements to employees in violation of Labor Code § 226.

22.   **Typicality:**  The claims of the named Plaintiff are typical of the claims of all members of the Class in that Plaintiff has suffered the harm alleged in this Complaint in a similar and typical manner as the Class members.  Plaintiff was not provided proper and accurate payroll records identifying all information required by Labor Code § 226(a).  Specifically, the Company violated Labor Code § 226(a) by, among other actions, failing to list "the inclusive dates of the period for which the employee is being paid."  Plaintiff's wage statements failed to include this information.  Thus, Plaintiff is a member of the Class and has suffered the alleged violations of California Labor Code §§ 226 and 2698, *et seq.*, and the applicable IWC Wage Orders.

23.   The California Labor Code and upon which Plaintiff bases these claims is broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

24.   The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If each employee were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of the individual Plaintiff with Defendants' vastly superior financial and legal resources.  Requiring each Class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

25.     The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against the Company and which would establish potentially incompatible standards of conduct for the Company, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect their interests.  Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

26.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiffs and the Class identified herein, in a civil action any and all applicable penalties and/or damages, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 226, 558 and 2698, *et seq.*, the applicable IWC Wage Orders, and Code of Civil Procedure § 1021.5.

27.     Proof of a common business practice or factual pattern, which the named Plaintiffs experienced and are representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

28.     The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by the Company.  The Class is commonly entitled to restitution of those funds being improperly withheld by the Company.  This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## **FIRST CAUSE OF ACTION**

### **VIOLATION OF LABOR CODE § 226(a)**

### **(AGAINST THE COMPANY AND DOES 1-50 BY PLAINTIFF AND THE**

**CLASS)**

29.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 as though fully set for herein.

30.    The Company failed in its affirmative obligation to keep <u>accurate</u> itemized wage statements.  The Company, as a matter of policy and practice, did not maintain accurate records in violation of Labor Code § 226(a) by failing as a matter of policy and practice to keep accurate payroll records for Plaintiffs and the Class.  Specifically, Plaintiffs and the Class were paid hourly.  As such, the wage statements should have listed "the inclusive dates of the period for which the employee is being paid," pursuant to Labor Code § 226(a)(6).  However, the wage statements provided to Plaintiffs and the Class failed to identify such information.

31.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiffs and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

<u>**SECOND CAUSE OF ACTION**</u>

**VIOLATION OF LABOR CODE § 2698, *ET SEQ.***

**(AGAINST THE COMPANY AND DOES 1-50 BY PLAINTIFF)**

32.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 as though fully set for herein.

33.    Plaintiff seeks penalties on behalf of the State of California for violations committed against the following employees:

        a.  All current and former non-exempt California employees who received wage statements at any time during the period of time from December 16, 2012, through the present.

34.    On or about December 16, 2013, Plaintiff sent notice to the Labor Workforce Development Agency (the "LWDA") of the violations of Labor Code § 226(a).  A true and correct copy of Plaintiff's notice to the LWDA is attached

8

hereto as Exhibit "A."  As of the date of the filing of this Complaint, the LWDA has not notified Plaintiffs whether it intends to investigate the claims.  Therefore, Plaintiff may seek applicable penalties under the PAGA.

35.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff on behalf of the State of California, in a civil action, for penalties pursuant to the PAGA, Labor Code § 2699(a), including interest thereon, attorneys' fees, and costs of suit according to the mandate of PAGA for Defendants' violations of Labor Code § 226.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for herself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1.    For an order certifying the proposed Class;

2.    For an order appointing Plaintiff as the representative of the Class as described herein;

3.    For an order appointing counsel for Plaintiff as Class counsel;

4.    Upon the First Cause of Action , for damages and/or penalties pursuant to California Labor Code §§ 226 and 1198.5, and for costs and attorneys' fees;

5.    Upon the Second Cause of Action, for civil penalties according to proof pursuant to Labor Code § 2698, *et seq.*;

6.    On all causes of action, for attorneys' fees and costs as provided by California Labor Code §§ 218.5, 226, 558, 2698, *et seq.*, and Code of Civil Procedure § 1021.5; and

7.    For such other and further relief as the Court may deem just and proper.

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1

DATED: September 29, 2014          DIVERSITY LAW GROUP, P.C.

2

3                                              By:  /s/Larry W. Lee
                                                    Larry W. Lee
4                                                   Attorneys for Plaintiff and the Class

5

6

7                          **DEMAND FOR JURY TRIAL**

8          Plaintiff, for herself and the Class, hereby demands a jury trial as provided by

9    law.

10   DATED: September 29, 2014          DIVERSITY LAW GROUP, P.C.

11

12                                             By:  /s/Larry W. Lee
                                                    Larry W. Lee
13                                                  Attorneys for Plaintiff and the Class

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES