Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
**DIVERSITY LAW GROUP, P.C.**
550 S. Hope Street, Suite 2655
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
**HYUN LEGAL, APC**
550 S. Hope Street, Suite 2655
Los Angeles, CA  90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKO STAFFORD, as an individual and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>BRINK'S, INCORPORATED, a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No. 14-1352-MWF(PLAx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      January 5, 2015<br>Time:     10:00 a.m.<br>Court:    1600<br>Judge:   Hon. Michael W. Fitzgerald |

TO DEFENDANT BRINK'S, INCORPORATED AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 5, 2015, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 1600 of the United States District Court for the Central District of California, Western Division, located at 312 N. Spring St., Los Angeles, CA 90012, before the Honorable Michael W. Fitzgerald, District Judge, Plaintiff Miko Stafford ("Plaintiff") will and does move the Court for an Order granting partial summary judgment pursuant to Federal Rule of Civil Procedure 56, in favor of Plaintiff on her Second Cause of Action for Violation of the Private Attorney General's Act (the "PAGA"), California Labor Code Section 2698, *et seq*.

Specifically, Plaintiff seeks partial summary judgment in her favor on her Second Cause of Action, as a matter of law, as framed by the following issue:

<u>ISSUE NO. 1</u>:  It is undisputed that Defendant has violated California Labor Code Section 226(a)(6) in failing to include the pay period start date on wage statements issued by Defendant to Plaintiff and other California non-exempt employees between the time period of December 16, 2012 through February 20, 2014.  Given that this Court has previously ruled that Defendant has violated Labor Code Section 226(a)(6), Plaintiff should prevail on her claim under the PAGA, as a matter of law, which arises from Defendant's violation of Labor Code Section 226(a)(6).

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on August 5, 2014.

The motion will be, and is based upon the attached Memorandum of Points and Authorities, the accompanying Declarations of Dennis S. Hyun and Plaintiff and the exhibits attached thereto, and the Separate Statement of Uncontroverted Facts and Conclusions of Law, such argument of counsel as may be presented at

1   the hearing thereof, and all papers and records on file herein.

2

3   Dated:  November 21, 2014            DIVERSITY LAW GROUP, P.C.

4

5                                  By:    */s/ Larry W. Lee*

6                                         Larry W. Lee

7                                         Attorneys for Plaintiff and the Class

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................1

II.   STATEMENT OF FACTS ......................................................................2

III.   ARGUMENT .........................................................................................3

  A.   The Standard for Summary Judgment .........................................3

  B.   Labor Code Section 226(a)(6) Mandates That Employers List the Pay Period Start Date on Wage Statements ...............................................3

  C.   The PAGA Provides a Cause of Action for Penalties for a Violation of Labor Code Section 226 ................................................................6

  D.   Summary Judgment Should Be Granted in Plaintiff's Favor on her PAGA Claim, Given That It Is Undisputed That Defendant Violated Labor Code Section 226(a)(6) .........................................................8

III.   CONCLUSION ......................................................................................9

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*Amaral v. Cintas Corp. No. 2,*

  163 Cal. App. 4th 1157 (2008)........................................................7

*Arias v. Superior Court,*

  46 Cal.4th 969 (2009)...............................................................6, 7

*Lopez v. G.A.T. Airline Ground Support, Inc.,*

  2010 U.S. Dist. LEXIS 73029   (S.D. Cal. July 19, 2010)...................5

*McKenzie v. Fed. Exp. Corp.,*

  765 F. Supp. 2d 1222 (C.D.Cal.2011)........................................5

*So. Cal. Gas Co. v. City of Santa Ana,*

  336 F. 3d 885 (9th Cir. 2003).....................................................3

*Willner v. Manpower, Inc.,*

  _ F. Supp. 2d _, 2014 WL 1303495 (N.D. Cal. March 31, 2014)..........4

**Statutes**

Cal. Labor Code § 2699.3(a)(1)......................................................6

Cal. Labor Code § 2699.3(a)(2)(A) ........................................... 7, 8, 9

Cal. Labor Code § 2699.3(a)(3)....................................................7, 8

Cal. Labor Code Section 226(a)(6)........................................... passim

Cal. Labor Code Section 2698.................................................1, 8

Cal. Labor Code Section 2699 ......................................................8

Cal. Labor Code Section 2699.5 ....................................................6

**Rules**

Federal Rule of Civil Procedure §56(a)........................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The issue presented by Plaintiff Miko Stafford's ("Plaintiff") Motion for Partial Summary Judgment is straightforward.  Specifically, Plaintiff seeks a ruling from the Court granting partial summary judgment on Plaintiff's Second Cause of Action for Violation of the Private Attorney General's Act (the "PAGA"), California Labor Code Section 2698, *et seq*., which arises from Defendant's undisputed violation of California Labor Code Section 226(a)(6).

As the Court may recall, the PAGA claim arises from Defendant's violation of California Labor Code Section 226(a)(6), in failing to include the pay period start date on wage statements that Defendant issued to its employees, including Plaintiff.  In denying Defendant's Motion for Summary Judgment, this Court "determine[d] that the plain meaning of § 226(a)(6) requires an employer to include on each wage statement the inclusive dates of the period encompassed by the wage statement, whether or not the employee actually worked on those dates." (Aug. 5, 2014 Order at p. 7).

Nevertheless, it is undisputed that Defendant failed to include the pay period start date.  As this Court explained in its Order denying Defendant's Motion for Summary Judgment: "Defendant's practice ... does not provide the precise information that is required to be provided by § 226(a)(6): the inclusive dates of the period, which allows the employee to determine solely from looking at a single wage statement the amount she is being paid for that particular period."  (Order at p. 5).  As such, it is undisputed that Defendant violated Labor Code Section 226(a)(6).

Thus, Plaintiff should prevail, as a matter of law, on her claim for violation of the PAGA, which is predicated on Defendant's violation of Labor Code Section 226(a)(6).  Again, PAGA does not require any knowing and intentional violation

of the Labor Code, or that Plaintiff suffered any injury.  (Aug. 5, 2014 Order at p. 12).

In sum, given that there are no genuine disputes as to any material fact regarding Plaintiff's PAGA claim, partial summary judgment should be granted in Plaintiff's favor.

## II.   STATEMENT OF FACTS

During the relevant time period, Plaintiff received various wage statements from Defendant, but none of the wage statements specify the start date of the pay period.  (Fact No. 1).  During this same time period, the wages statements issued by Defendant to all of its other non-exempt employees also failed to identify the start date of the pay period.  (Fact No. 2); (Declaration of Joyce Brown, ¶¶ 1-3). On or about February 21, 2014, after this lawsuit was filed, Defendant revised the format of the wage statements it issued to its non-exempt employees so that such wage statements would also identify the pay period start date.  (Fact No. 3); (Declaration of Joyce Brown, ¶¶ 4-6).

On August 5, 2014, this Court issued its ruling denying Defendant's Motion for Summary Judgment.  (Fact No. 4).  In its Order, this Court stated as follows:

> Defendant's practice of providing employees with all dates and hours worked on each wage statement supports the provision of transparency to employees regarding their pay.  But it does not provide the precise information that is required **to be provided by § 226(a)(6): the inclusive dates of the period,** which allows the employee to determine solely from looking at a single wage statement the amount she is being paid for that particular period.  Under Defendant's practice, an employee who receives a wage statement indicated that she is being paid for work on February 3 through February 9, who believes that she should have been paid for work on February 2 and February 10, would be unable to determine solely by reference to the wage statement whether she has not been properly paid, or whether her wages from February 2 and February 10 are simply included on different wage statements. It is this precise confusion that the Legislature sought to avoid in passing § 226(a)(6).
>
> This Court determines that the plain meaning of § 226(a)(6) requires an employer to include on each wage statement the inclusive dates of the period encompassed by the wage statement, whether or not the employee actually worked on those dates.

(Aug. 5, 2014 Order at pp. 5, 7, emphasis added).

Although not relevant for purposes of this Motion or Plaintiff's PAGA claim, this Court further found that Plaintiff suffered an injury due to Defendant's failure to include the pay period start date:

> Plaintiff cannot determine the inclusive dates of the period for which she is being paid by reference to the wage statement alone. In order to determine the period dates, Plaintiff must reference multiple wage statements.  Accordingly, Plaintiff is deemed to suffer injury under § 226(e)(2)(B)(i).

(Aug. 5, 2014 Order at p. 8).

Pursuant to the PAGA and established case law authority, Plaintiff seeks summary adjudication of the Second Cause of Action on behalf of similarly situated Aggrieved Employees, which includes all current and former non-exempt California employees who received wage statements at any time during the period of time from December 16, 2012, through the present.

## III.   ARGUMENT

### A.   The Standard for Summary Judgment

Federal Rule of Civil Procedure §56(a) provides that a party may move for summary judgment on a claim or a part of each claim, and that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  *So. Cal. Gas Co. v. City of Santa Ana*, 336 F. 3d 885, 888 (9th Cir. 2003).

### B.   Labor Code Section 226(a)(6) Mandates That Employers List the Pay Period Start Date on Wage Statements

Along with the paychecks that employees receive, an employer is mandated by law to provide a pay stub or "itemized wage statement" to the employee, which lists information such as total gross wages, total net wages, tax withholdings, and **pay period dates**.  Specifically, Labor Code Section 226(a) states as follows:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) **the inclusive dates of the period for which the employee is paid**. . . .

(Emphasis added.)

Again, this Court previously ruled that California Labor Code Section 226(a)(6) requires an employer to list the pay period start and end dates:

> Defendant's practice of providing employees with all dates and hours worked on each wage statement supports the provision of transparency to employees regarding their pay. But it does not provide the precise information that is required **to be provided by § 226(a)(6): the inclusive dates of the period,** which allows the employee to determine solely from looking at a single wage statement the amount she is being paid for that particular period.

> This Court determines that the plain meaning of § 226(a)(6) requires an employer to include on each wage statement **the inclusive dates of the period** encompassed by the wage statement, whether or not the employee actually worked on those dates.

(Aug. 5, 2014 Order at pp. 5, 7).

This Court's holding is consistent with all current published authority. Again, in *Willner v. Manpower, Inc.*, _ F. Supp. 2d _, 2014 WL 1303495 (N.D. Cal. March 31, 2014), the District Court held that the employer in that case violated Labor Code Section 226(a)(6) by failing to list the pay start date. In *Willner*, the employer argued that its inclusion of a time card detail listing each and every date that the employee worked during the pay period complied with Section 226(a)(6)'s requirement to list the "inclusive dates of the period for which the employee is being paid." Nevertheless, the District Court held that the employer's wage statements violated Labor Code Section 226(a)(6):

4

[T]he Court concludes that the statements at issue **do not contain the requisite "the inclusive dates of the period for which the employee is paid" under Section 226(a)(6), because only the pay period *end date*, and not the *start date* of the pay period, is included on the statement.** Manpower argues that it satisfied the "inclusive dates" requirement of Section 226(a)(6) by including "**every work date**" for which Willner was paid. This argument is **unpersuasive, because the dates on which an employee worked in any given pay period do not necessarily shed light on the date on which the pay period began.... The "inclusive dates" required by Section 226(a)(6) refer to the start and end date of the pay period and necessarily must include the start date of the pay period in order to give meaning to the word "inclusive." A failure to include the start date of the pay period in a statement constitutes a violation of Section 226(a)(6).**

*Id.* at *8 (emphasis added).

Likewise, in *McKenzie v. Fed. Exp. Corp.*, 765 F. Supp. 2d 1222 (C.D.Cal.2011), the District Court also granted summary judgment in favor of plaintiff on the same exact identical issue here, finding that defendant violated Section 226(a)(6) and PAGA, as a matter of law, by failing to include the pay period beginning date on its employees' wage statements. *Id.* at 1229-34.

Similarly, in *Lopez v. G.A.T. Airline Ground Support, Inc.*, 2010 U.S. Dist. LEXIS 73029, at *17-*20 (S.D. Cal. July 19, 2010), the District Court also granted summary judgment in favor of plaintiff on the PAGA cause of action for violation of Section 226(a)(6) due to failing to include the pay period beginning date on the wage statements it issued to its employees.

Here, in its very own declaration submitted through Joyce Brown, Defendant's Director, HR Systems, Defendant has admitted that up until February 21, 2014, the wage statements issued to Defendant's non-exempt employees failed to identify the pay period begin date. (Fact Nos. 2 & 3); (Declaration of Joyce Brown, ¶¶ 1-6).

Thus, based on the undisputed facts and controlling legal authority, including this Court's own holding, it is undisputed that Defendant's wage

5

1   statements violate Labor Code Section 226(a)(6).

2   **C.     The PAGA Provides a Cause of Action for Penalties for a**
3   **Violation of Labor Code Section 226**

4          Prior to the enactment of the PAGA, many of the penalties provided against
5   employers for violations of certain Labor Code provisions were solely within the
6   province of the California Division of Labor Standards Enforcement (the "DLSE")
7   to seek, enforce and assess. *Arias v. Superior Court*, 46 Cal.4th 969, 980 (2009).
8   However, due to the lack of financing to California's agencies, and the substantial
9   number of Labor Code violations by California employers, the California
10  Legislature found that it was in the public interest to allow aggrieved employees to
11  act as private attorneys general, and to enforce and recover penalties on behalf of
12  other similarly situated employees for Labor Code violations committed by their
13  employers. *Id*.

14         As such, the PAGA was enacted to allow such enforcement and recovery by
15  private individuals who have been aggrieved by their employers.  In particular,
16  75% of any penalties recovered under PAGA by aggrieved employees is to be paid
17  to the California Labor Workforce Development Agency (the "LWDA") and the
18  remaining 25% is to be distributed amongst the aggrieved employees. *Id*. at 980-
19  81.

20         Labor Code Section 2699.5 provides the specific Labor Code violations that
21  aggrieved employees may enforce under PAGA.  Specifically, aggrieved
22  employees may seek and enforce PAGA penalties for an employer's violation of
23  Labor Code § 226(a). *See* Labor Code § 2699.5.

24         In order to enforce and seek penalties under the PAGA in a civil action, an
25  aggrieved employee must first provide written notice to the LWDA and the
26  employer of the particular Labor Code violation the aggrieved employee alleges
27  the employer has violated. *See* Cal. Labor Code § 2699.3(a)(1).  Once the LWDA

notifies the aggrieved employee that it does not intend to investigate the alleged violations, or does not act within 33 days, the aggrieved employee is then allowed to proceed in a civil action against the employer on the alleged violations on behalf of all other similarly situated employees.  *See* Cal. Labor Code § 2699.3(a)(2)(A), (3).  Moreover, the notice periods to/from the LWDA shall not be counted against any statute of limitation.  *See* Cal. Labor Code § 2699.3(d).  In other words, once notice of the alleged Labor Code violation is provided by the aggrieved employee to the LWDA and the employer, any running of the statute of limitation pertaining to PAGA is stayed.

Further, when an underlying Labor Code violation is alleged prior to giving notice to the LWDA for the related PAGA claim, and the aggrieved employee subsequently thereafter provides notice to the LWDA of the related PAGA claim, the statute of limitation for the related PAGA claim relates back to the time the original underlying Labor Code violation was alleged.  *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1199-1201 (2008).

In 2009, the California Supreme Court considered the issue of whether an aggrieved employee that brings a PAGA claim on behalf of himself and others similarly situated needs to seek the PAGA claim as a class action and meet class certification requirements.  *Arias v. Superior Court*, 46 Cal. 4th 969, 976 (2009).  After a substantial review of the legislative history of PAGA, the California Supreme Court held that an aggrieved employee's representative action brought on behalf of other similarly situated employees against an employer for PAGA violations do not need to meet the requirements for class certification.  *Id*. at 975; 980-88.  As the California Supreme Court held, a plaintiff bringing suit under PAGA does so as the proxy or agent of California's labor law enforcement agencies.  *Id*. at 986.  Because an employee's PAGA action functions as a substitute for an action brought by the government itself, a judgment in the PAGA

action binds all those, including nonparty aggrieved employees, who would be bound by a judgment in an action brought by the government. *Id.*

Here, Plaintiff has exhausted her administrative remedies in that notice was provided to the LWDA on December 16, 2013, by certified letter with return receipt requested, and with a copy of same being provided to Defendant. (Fact No. 5); (Declaration of Miko Stafford ¶ 4, Exh. B). As of today's date, the LWDA has not informed Plaintiff, or her counsel, whether the LWDA intends to investigate the violations. (Fact No. 6); (Declaration of Miko Stafford ¶ 4; Declaration of Dennis S. Hyun ¶ 3). As such, Plaintiff has exhausted her administrative remedies, and has the right to seek penalties on behalf of all aggrieved employees pursuant to Labor Code § 2699.3(a)(2)(A).

Thus, based on all of the above, and as further explained below, partial summary judgment should be granted in Plaintiff's favor on her PAGA claim arising from Defendant's violations of Labor Code Section 226(a)(6).

### D. **Summary Judgment Should Be Granted in Plaintiff's Favor on her PAGA Claim, Given That It Is Undisputed That Defendant Violated Labor Code Section 226(a)(6)**

As explained above, Labor Code Section 2699 provides that an aggrieved employee may, on behalf of himself or herself and other current or former employees, bring a civil action seeking a civil penalty against an employer for violation of any Labor Code provision.

Plaintiff's cause of action for violation of Labor Code Section 2698 *et seq.* asserts that Defendant has violated Labor Code Section 226(a)(6), and that, as a result, Plaintiff and other Aggrieved Employees are entitled to a civil penalty. As this Court has previously ruled that Defendant's wage statements violate Labor Code Section 226(a)(6), liability is established in Plaintiff's favor, as a matter of law. As such, the only remaining issue with respect to Plaintiff's PAGA Claim is

to determine the amount of penalties Defendant must pay.  This issue can be easily adjudicated at trial through an accounting of the violative pay periods.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her Motion for Partial Summary Judgment as to Plaintiff's PAGA claim.

Dated:  November 21, 2014                    DIVERSITY LAW GROUP, P.C.


                                        By:    /s/ Larry W. Lee
                                               Larry W. Lee
                                               Attorneys for Plaintiff and the Class