UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-14-01352-MWF (PLAx) | Date:  August 20, 2015 |
| Title:  Miko Stafford -v- Brink's, Incorporated | |

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

      Deputy Clerk:                                              Court Reporter:
      Rita Sanchez                                              Not Reported

      Attorneys Present for Plaintiff:            Attorneys Present for Defendant:
      None Present                                            None Present

**Proceedings (In Chambers):**   ORDER RE RESPONSES TO COURT'S AUGUST 14, 2015 ORDER RE PLAINTIFF'S EX PARTE APPLICATION [102] [103]

      On August 14, 2015, the Court issued an Order Granting in Part and Denying in Part Plaintiff's Ex Parte Application.  (Docket No. 101).  In this Order the Court denied all of Plaintiff's requested relief, except as to the following: (1) Defendant was ordered to provide to Plaintiff's counsel (i) the names and addresses of all putative class members, (ii) a list of those potential class members who have already executed a release, and (iii) complete, unredacted copies of those signed releases by no later than Wednesday, August 19, 2015; and (2) the parties were ordered to submit to the Court a proposed communication to the putative class members inviting them to take an additional period of two weeks to consider the letter and release.

      The Court has now received and reviewed Plaintiff's Proposed Corrective Notice to Class Members (Docket No. 102), and Defendant Brink's, Incorporated's Response to the Court's August 14, 2015 Order Granting in Part and Denying in Part Plaintiff's Ex Parte Application (Docket No. 103).  Having considered the proposed language for the communication to be sent to all putative class members, the Court concludes that Defendant's letter better reflects the directive of the Court.

      Accordingly, the Court **ORDERS** the following letter to be sent *via postcard* to the putative class members by no later than Tuesday**, August 25, 2015**:

---

**CIVIL MINUTES—GENERAL**                              1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-01352-MWF (PLAx)          Date:  August 20, 2015
Title:     Miko Stafford -*v*- Brink's, Incorporated

On July 28, 2015, Brink's, Inc. mailed to you a packet regarding the class action lawsuit filed by Plaintiff Miko Stafford, which is pending in the United States District Court, Central District of California, Case No. CV-14-1352-MWF (PLAx).  That packet included a settlement offer from Brink's of $250, and requested that, if possible, you to respond within ten days of receiving the offer.

This communication serves as a notice that you have additional time to review the settlement offer.  Brink's would like you to respond to the settlement offer within two weeks of receiving this communication, but if you need more time to consider the offer, then that is fine**.**  In considering the settlement offer, including what you *may* obtain by participating in the lawsuit, please feel free to consult with Plaintiff's lawyers, Larry W. Lee and Dennis S. Hyun, who can be reached at 213-488-6555 or lwlee@diversitylaw.com.

If you have already mailed in your signed acceptance of the settlement offer and would like to revoke it, please contact the settlement administrator as soon as possible, but no later than **September 11, 2015**, to handle your request.  The settlement administrator can be reached at 888-373-2581.  Please note that if you choose to revoke the settlement agreement, you will need to return any money that you previously received for accepting the agreement.

If you have already mailed in your signed acceptance of settlement offer, but have not yet received a settlement check, please note that there may be a delay until September 11, 2015, before your check is issued.  This delay will allow Brink's to process any revocations, and give every putative class member a period in which to fully consider the offer.

If you did not receive the packet containing the settlement offer, or if you have any questions about the settlement offer or the status of your

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-14-01352-MWF (PLAx) | Date:  August 20, 2015 |
| Title:      Miko Stafford -v- Brink's, Incorporated | |

settlement check, please feel free to contact the settlement administrator at 888-373-2581, or Brink's lawyer, Aaron Cole, at 213-438-5846.

The Court rejects Plaintiff's proposed language, as it does not reflect the Court's August 14 Order. In the Order the Court explained that it "does not feel that a corrective letter is necessary, as the fact that the letter 'contain[ed] some self-serving advocacy for defendant's position,' does not mean that the language of the letter was inappropriate." (Aug. 14 Order at 7). Rather, the Court concluded that "in order to counteract the coercive nature of the employer-employee communication, the putative class should be explicitly instructed that they have more time to consider the offer, discuss with Plaintiff's counsel, and either complete the settlement or withdraw their prior release as they choose." (*Id.*). Plaintiff's proposed language goes far beyond the Order of the Court.

At a status conference held on August 20, 2015, Brink's objected to the Court's position that putative class members should be provided with an opportunity to withdraw their release if they so choose. The Court notes, however, that in its August 14 Order, it concluded that because of the employer-employee relationship, the letter likely had some coercive effect over the putative class members, and it concluded that the letter was misleading, in that Brink's omitted a description of the Court's prior ruling finding a violation of Section 226(a). While the Court agrees with Brink's that the letter was literally true, the odds are great that a layperson would misconstrue it. On this basis, the Court suggested a moderate corrective measure, by providing putative class members the *opportunity* to withdraw their release, *if they so choose*, after being reminded of their right to contact Plaintiff's counsel and being clearly provided with that information.

Finally, Plaintiff again requested that the Court advance the hearing schedule on the motion for class certification. As the prior schedule was created on the assumption that the parties would be maintaining the status quo pending the mediation, which has proven not to be the case, the Court is prepared to order a revised briefing schedule as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-14-01352-MWF (PLAx)          **Date:** August 20, 2015
**Title:**     Miko Stafford -*v*- Brink's, Incorporated

       Motion Filing Date - September 8, 2015;

       Opposition Filing Date - September 24, 2015;

       Reply Filing Date - October 13, 2015;

       Hearing - October 26, 2015.

       (The existing schedule is modified in any event by moving the filing date from September 7 (Labor Day) to September 8, 2015.)

       The Court leaves it to the parties to meet and confer and determine whether they should proceed with the existing briefing schedule or with the alternate schedule.  If the parties cannot agree, but Plaintiff would like to proceed on the alternate schedule, then counsel should file a brief notification requesting the alternate schedule.  This document will simply be a notification and no responding document should be filed; the Court does not intend to allow further argument on this point.  The parties should be able to determine if the existing schedule or the revised alternate schedule will most likely lead to a successful mediation.  Even under the alternate schedule, the motion will not be decided at the time of the mediation.

       IT IS SO ORDERED.