Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
**DIVERSITY LAW GROUP, P.C.**
550 S. Hope Street, Suite 2655
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
**HYUN LEGAL, APC**
550 S. Hope Street, Suite 2655
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKO STAFFORD, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BRINK'S, INCORPORATED, a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 14-1352-MWF(PLAx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: February 8, 2016<br>Time: 10:00 a.m.<br>Court: 1600<br>Judge: Hon. Michael W. Fitzgerald |

TO DEFENDANT BRINK'S, INCORPORATED AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 8, 2016, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 1600 of the United States District Court for the Central District of California, Western Division, located at 312 N. Spring St., Los Angeles, CA 90012, before the Honorable Michael W. Fitzgerald, District Judge, Plaintiff Miko Stafford ("Plaintiff") and the certified class of "All current and former non-exempt California employees who received a wage statement from Defendant at any time during the period of time from January 3, 2013, through February 20, 2014, and who either did not sign an acceptance of the Settlement Offer or who submitted a written revocation of the Settlement Offer" (the "Certified Class"), will and does move the Court for an Order granting partial summary judgment pursuant to Federal Rule of Civil Procedure 56, in favor of Plaintiff and the Certified Class on their class-wide claim for (1) violation of Labor Code Section 226(a)(6) and (2) a finding of injury, as a matter of law, pursuant to Labor Code Section 226(e).

Specifically, Plaintiff seeks partial summary judgment in favor of the certified Class on Plaintiff's First Cause of Action, as a matter of law, as framed by the following issue:

ISSUE NO. 1: It is undisputed that Defendant Brink's, Incorporated ("Defendant") has violated California Labor Code Section 226(a)(6) in failing to include the pay period start date on wage statements issued by Defendant to Plaintiff and the Certified Class between the time period of January 3, 2013, through February 20, 2014.

ISSUE NO. 2: It is undisputed that as a result of failing to include the pay period start date on wage statements issued by Defendant to Plaintiff and the Certified Class between the time period of January 3, 2013, through February 20,

2014, Plaintiff and the Certified Class have legally suffered the requisite "injury" pursuant to Labor Code § 226(e).

Based on the undisputed evidence and the applicable case law, there is no doubt that this Motion should be granted.  Indeed, as to the PAGA claim, this Court has previously ruled that Defendant has violated Labor Code Section 226(a)(6) by failing to include the pay period start date.  The same exact evidence, arguments, and ruling should equally apply here.  As to the injury element, this Court also previously found that Plaintiff and reasonable persons would have suffered injury from the Labor Code § 226(a)(6) violation.  As the Court has now granted class certification, Plaintiff now seeks partial summary judgment as to these issues as they apply to Plaintiff and the Certified Class, so that no further evidence or argument need to disputed or tried at trial.  .

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on October 29, 2015.

The motion will be, and is based upon the attached Memorandum of Points and Authorities, the accompanying Request for Judicial Notice and the exhibits attached thereto, the Declarations of Plaintiff Miko Stafford and Joyce Brown, and the Separate Statement of Uncontroverted Facts and Conclusions of Law, such argument of counsel as may be presented at the hearing thereof, and all papers and records on file herein.

Dated:  January 6, 2016                    DIVERSITY LAW GROUP, P.C.


                                           By:   */s/ Larry W. Lee*
                                                 Larry W. Lee
                                                 Attorneys for Plaintiff and the Class

# TABLE OF CONTENTS

I.  INTRODUCTION ............................................................................................1

II. STATEMENT OF FACTS AND PROCEDUAL HISTORY ........................2

III. ARGUMENT ..................................................................................................5

  A. The Standard For Summary Judgment ........................................................5

  B. Labor Code Section 226(a) Mandates That Employers List the Pay Period Start Date on Wage Statements ................................................................5

  C. The Wage Statements Issued by Defendant to Plaintiff and the Certified Class Suffered Injury Pursuant to Labor Code § 226(e) ..................................8

III. CONCLUSION .............................................................................................12

# TABLE OF AUTHORITIES

**Federal Cases**

*Achal v. Gate Gourmet, Inc.*, 2015 U.S. Dist. LEXIS 92148 at *59 (N.D. Cal. July 14, 2015).................................................................................................. 10, 11

*Brewer v. General Nutrition Corp.*, 2015 U.S. Dist. LEXIS 114860, at *28-29 (N.D. Cal. Aug. 27, 2015) ......................................................................................11

*Fields v. West Marine Prods. Inc.*, 2014 WL 547502, *8 (N.D. Cal. 2014).............9

*Fobroy v. Video Only, Inc.*, 2014 U.S. Dist. 160365 (N.D. Cal Nov. 14, 2014).....10

*Garnett v. ADT LLC*, No. 2:14-02851 WBS DAD, 2015 WL 5896065, at *8-9 (E.D. Cal. Oct. 6, 2015).........................................................................................5

*McKenzie v. Fed. Exp. Corp.*, 765 F. Supp. 2d 1222 (C.D.Cal.2011).......................8

*Novoa v. Charter Communications, LLC*, 2015 U.S. Dist. LEXIS 53102 at *40 (E.D. Cal. April 22, 2015).....................................................................................11

*Seckler v. Kindred Healthcare Operating Group, Inc.*, 2013 WL 812656, *11-12 (C.D. Cal. 2013) .....................................................................................................9

*So. Cal. Gas Co. v. City of Santa Ana*, 336 F. 3d 885, 888 (9th Cir. 2003)..............5

*Soto v. Diakon Logistics (Delaware), Inc.*, 2013 WL 4500693, *9 (S.D. Cal. 2013) ................................................................................................................................9

*Willner v. Manpower, Inc.*, 35 F. Supp. 3d 1116 (N.D. Cal. March 31, 2014) .... 7, 8, 10, 11

**State Statutes**

California Labor Code § 226 ................................................................. 2, 7, 10, 11

California Labor Code § 226(a)..................................................................... passim

California Labor Code § 226(a)(6) ............................................................... passim

California Labor Code § 226(e)..................................................................... passim

California Labor Code § 226(e)(1) ..........................................................................9

California Labor Code § 226(e)(2)(B)(i) ...............................................................12

California Labor Code § 226(e)(2)(C)....................................................................4

California Labor Code § 2698 ...............................................................................1

**Federal Rules**

Federal Rule of Civil Procedure §56(a) ................................................................5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As this Court is well-aware, the facts and law in this case are undisputed. Indeed, this Court has ruled as such in its previous Orders denying Defendant Brink's, Inc.'s ("Defendant") Motion for Summary Judgment, granting Plaintiff Miko Stafford's ("Plaintiff") Motion for Partial Summary Judgment, and granting Plaintiff's Motion for Class Certification.

Again, this case involves Defendant's undisputed class-wide practice of failing to include the pay period start date on its wage statements issued to California employees. In connection with this Court's granting of Plaintiff's Motion for Partial Summary Judgment as to Plaintiff's second cause of action for violation of the Private Attorney Generals Act (the "PAGA"), Labor Code Section 2698, *et seq.*, it found that Defendant violated California Labor Code Section 226(a)(6) as a matter of law with respect to the wage statements Defendant issued to Plaintiff and all other non-exempt employees during the time period of December 16, 2012 through February 20, 2014. As the Court stated in its May 15, 2015 Order ("May 15 Order"), Dkt. No. 92:

> Plaintiff asserts that based on the Court's prior Order, it is undisputed that Defendant violated California Labor Code section 226(a)(6) in failing to include the pay period start date on wage statements issued by Defendant to Plaintiff and other California non-exempt employees between December 16, 2012 and February 20, 2014. **The Court agrees.**

(May 15 Order at p. 10; emphasis added). As such, this very same ruling should now be equally applied to Plaintiff and the Certified Class.

Once a violation of Labor Code § 226(a) has been established, employees who suffer an "injury" based upon a knowing and intentional violation of Labor Code § 226(a) are entitled to various statutory penalties. Based on the amendment

1

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

to Labor Code § 226's definition of injury, the applicable case law, the undisputed evidence herein, and this Court's prior rulings, Plaintiff and the Certified Class ask that this Court find that they have met this "injury" element.  Significantly, this Court previously ruled that Plaintiff and "reasonable persons" would be unable to determine the pay period start date from the four corners of the wage statement itself.  Thus, this Court ruled that Plaintiff and "reasonable persons" have suffered injury pursuant to Labor Code Section 226(e).  Now that this Court has granted Plaintiff's Motion for Class Certification, Plaintiff respectfully requests that this Court apply its prior rulings finding of injury, as a matter of law, to Plaintiff and the Certified Class.

In sum, as there are no disputed facts or law, Plaintiff's Motion for Partial Summary Judgment should be granted.

## II.　STATEMENT OF FACTS AND PROCEDURAL HISTORY

During the relevant time period, Plaintiff received various wage statements from Defendant, but none of the wage statements specify the start date of the pay period.  (Fact No. 1).  During this same time period, the wages statements issued by Defendant to all of its other non-exempt employees also failed to identify the start date of the pay period.  (Fact No. 2; Declaration of Joyce Brown, ¶¶ 1-3).  On or about February 21, 2014, after this lawsuit was filed, Defendant revised the format of the wage statements it issued to its non-exempt employees so that such wage statements would also identify the pay period start date.  (Fact No. 3; Declaration of Joyce Brown, ¶¶ 4-6).

Plaintiff filed a class action Complaint on January 3, 2014 in Los Angeles Superior Court, where it was subsequently removed to this jurisdiction on February 21, 2014.  *See* Dkt No. 1.  Plaintiff was later granted leave to amend her Complaint and filed a First Amended Complaint ("FAC") on October 2, 2014, which is the operative complaint.  *See* Dkt No. 53.  The FAC alleges violation of Labor Code

Section 226(a) for Defendant's failure to include the start date of the pay period on its wage statements, and seeks penalties pursuant to Labor Code § 226(e) and PAGA.

On August 5, 2014, this Court issued its ruling denying Defendant's Motion for Summary Judgment ("August 5 Order"). (Fact No. 4). In its August 5 Order, this Court stated as follows:

> Defendant's practice of providing employees with all dates and hours worked on each wage statement supports the provision of transparency to employees regarding their pay. But it does not provide the precise information that is required **to be provided by § 226(a)(6): the inclusive dates of the period,** which allows the employee to determine solely from looking at a single wage statement the amount she is being paid for that particular period. Under Defendant's practice, an employee who receives a wage statement indicated that she is being paid for work on February 3 through February 9, who believes that she should have been paid for work on February 2 and February 10, would be unable to determine solely by reference to the wage statement whether she has not been properly paid, or whether her wages from February 2 and February 10 are simply included on different wage statements. It is this precise confusion that the Legislature sought to avoid in passing § 226(a)(6).
>
> This Court determines that the plain meaning of § 226(a)(6) requires an employer to include on each wage statement the inclusive dates of the period encompassed by the wage statement, whether or not the employee actually worked on those dates.

(Aug. 5 Order at pp. 5, 7, emphasis added).

This Court further found that Plaintiff suffered an injury due to Defendant's failure to include the pay period start date:

> Plaintiff cannot determine the inclusive dates of the period for which she is being paid by reference to the wage statement alone. In order to determine the period dates, Plaintiff must reference multiple wage statements. Accordingly, Plaintiff is deemed to suffer injury under § 226(e)(2)(B)(i).

(Aug. 5 Order at p. 8).

Thereafter, Plaintiff filed her Motion for Partial Summary Judgment as her PAGA cause of action.[1] As noted above, this Court issued its May 15 Order granting Plaintiff's Motion for Partial Summary Judgment (and concurrently denying Defendant's renewed Motion for Summary Judgment), finding that the wage statements issued by Defendant to its non-exempt employees during the time period of December 16, 2012 through February 20, 2014 violated Labor Code § 226(a)(6). (Fact No. 5).

On December 1, 2015, this Court issued its Order granting Plaintiff's Motion for Class Certification. (Fact No. 6). In its Order, this Court ruled that determining whether an employee has suffered injury from a violation of Labor Code Section 226(a) is based on a "reasonable person standard" and that this question is aptly suited for class-wide adjudication:

> [T]he standard to establish "injury" under Section 226(e) is whether "a *reasonable person* would be able to readily ascertain the information without reference to other documents or information," and not whether the plaintiff or each *putative class member* was able to readily ascertain the information without reference to other documents or information.
>
> The Court concludes that Plaintiff has demonstrated that, at a minimum, the putative class members share the common contention *that a reasonable person cannot readily ascertain the start of the pay period from the four corners of the deficient wage statement.*

(December 1, 2015 Order ("December 1 Order") at pp. 14, 17; some emphasis added; citing Cal. Labor Code § 226(e)(2)(C)).

Further, this Court noted that the California Legislature's 2013 amendment to Labor Code Section 226(e) "'made clear that the lack of each item of required

---

[1] Concurrent therewith, Defendant also renewed its prior Motion for Summary Judgment.

information in and of itself could harm the employee.'" (Fact No. 7; December 1, 2015 Order at p. 18; quoting *Garnett v. ADT LLC*, No. 2:14-02851 WBS DAD, 2015 WL 5896065, at *8-9 (E.D. Cal. Oct. 6, 2015).

This Court also cited its prior Order denying Defendant's Motion for Summary Judgment, in which the Court concluded that a "reasonable person" would be unable to determine the applicable pay period by looking at the wage statement itself:

> [U]nder Defendant's practice, an employee who receives a wage statement indicated that she is being paid for work on February 3 through February 9, who believes that she should have been paid for work on February 2 and February 10, would be unable to determine solely by reference to the wage statement whether she has not been properly paid, or whether her wages from February 2 and February 10 are simply included on different wage statements. It is this precise confusion that the Legislature sought to avoid in passing § 226(a)(6).

(Fact No. 8; December 1, 2015 Order at p. 18).

Plaintiff now seeks to adjudicate the violation of Labor Code § 226(a)(6) and Labor Code § 226(e)'s injury element in Plaintiff's and the Certified Class' favor.

### III. ARGUMENT

#### A. The Standard For Summary Judgment

Federal Rule of Civil Procedure §56(a) provides that a party may move for summary judgment on a claim or a part of each claim, and that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *So. Cal. Gas Co. v. City of Santa Ana*, 336 F. 3d 885, 888 (9th Cir. 2003).

#### B. Labor Code Section 226(a) Mandates That Employers List the Pay Period Start Date on Wage Statements

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Along with the paychecks that employees receive, an employer is mandated by law to provide a pay stub or "itemized wage statement" to the employee, which lists information such as total gross wages, total net wages, tax withholdings, and **pay period dates**.  Specifically, Labor Code Section 226(a) states as follows:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) **the inclusive dates of the period for which the employee is paid**. . . .

(Emphasis added.)

This Court previously ruled that California Labor Code Section 226(a)(6) requires an employer to list the pay period start and end dates:

> Defendant's practice of providing employees with all dates and hours worked on each wage statement supports the provision of transparency to employees regarding their pay.  But it does not provide the precise information that is required **to be provided by § 226(a)(6): the inclusive dates of the period,** which allows the employee to determine solely from looking at a single wage statement the amount she is being paid for that particular period.
>
> This Court determines that the plain meaning of § 226(a)(6) requires an employer to include on each wage statement **the inclusive dates of the period** encompassed by the wage statement, whether or not the employee actually worked on those dates.

(Aug. 5, 2014 Order at pp. 5, 7).

As shown above, Defendant admits that the wage statements it issued to Plaintiff and the Certified Class during the class period failed to identify the pay period start date. Further, based on this Court's May 15 Order, this Court has already held that all such wage statements failed to comply with Labor Code §226(a)(6):

> As the Court explained in its August 5 Order, Defendant failed to show that there is a genuine issue of material fact with respect to the section 226 claim, because the wage statements Defendant provided Plaintiff failed to state the beginning date of the pay period for which Plaintiff was being paid. In fact, in the present supplemental briefing, Defendant does not dispute that the wage statements omit the beginning date of the pay period for which Plaintiff was being paid. As explained above, the Court has already concluded that "the plain meaning of § 226(a)(6) requires an employer to include on each wage statement the inclusive dates of the period encompassed by the wage statement, whether or not the employee actually worked those dates." (Aug. 5 Order at 7). Accordingly there is no dispute that Defendant is in violation of the statute."

(May 15 Order at pp. 10-11).

Thus, this Court has already previously determined that Defendant provided wage statements that were in violation of § 226(a)(6).

Moreover, this Court's holding is consistent with all current published authority. Again, in *Willner v. Manpower, Inc.*, 35 F. Supp. 3d 1116 (N.D. Cal. March 31, 2014), the District Court held that the employer in that case violated Labor Code Section 226(a)(6) by failing to list the pay start date. In *Willner*, the employer argued that its inclusion of a time card detail listing each and every date that the employee worked during the pay period complied with Section 226(a)(6)'s requirement to list the "inclusive dates of the period for which the employee is being paid." Nevertheless, the District Court held that the employer's wage statements violated Labor Code Section 226(a)(6):

> [T]he Court concludes that the statements at issue **do not**

7

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

> **contain the requisite "the inclusive dates of the period for which the employee is paid" under Section 226(a)(6), because only the pay period *end date*, and not the *start date* of the pay period, is included on the statement.** Manpower argues that it satisfied the "inclusive dates" requirement of Section 226(a)(6) by including "**every work date**" for which Willner was paid. This argument is **unpersuasive, because the dates on which an employee worked in any given pay period do not necessarily shed light on the date on which the pay period began.... The "inclusive dates" required by Section 226(a)(6) refer to the start and end date of the pay period and necessarily must include the start date of the pay period in order to give meaning to the word "inclusive." A failure to include the start date of the pay period in a statement constitutes a violation of Section 226(a)(6).**

*Id.* at 1128-1129 (emphasis added).

Likewise, in *McKenzie v. Fed. Exp. Corp.*, 765 F. Supp. 2d 1222 (C.D.Cal.2011), the District Court also granted summary judgment in favor of plaintiff on the same exact identical issue here, finding that defendant violated Section 226(a)(6) and PAGA, as a matter of law, by failing to include the pay period beginning date on its employees' wage statements. *Id*. at 1229-34.

Here, in its very own declaration submitted through Joyce Brown, Defendant's Director, HR Systems, Defendant has admitted that up until February 21, 2014, the wage statements issued to Defendant's non-exempt employees failed to identify the pay period begin date. (Fact Nos. 2 & 3); (Declaration of Joyce Brown, ¶¶ 1-6).

Thus, based on the undisputed facts and controlling legal authority, including this Court's own holding, it is undisputed that Defendant's wage statements violate Labor Code Section 226(a)(6). As such, with respect to the First Cause of Action, this Court should find that the wage statements Defendant issued to Plaintiff and the Certified Class violated Labor Code § 226(a)(6).

  **C.**  <u>**The Wage Statements Issued by Defendant to Plaintiff and the Certified Class Suffered Injury Pursuant to Labor Code § 226(e)**</u>

Labor Code § 226(e)(1) states:

> An employee suffering ***injury*** as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Labor Code § 226(e)(1) (emphasis added). Based upon Labor Code § 226(e)'s definition of "injury" and the undisputed evidence herein, this Court should find that this injury element has been established in favor of Plaintiff and the Certified Class.

As previously briefed to this Court, Labor Code Section 226(e) was amended by S.B. 1255, effective January 1, 2013, by which the Legislature reaffirmed the general principle that "an employee is ***deemed to suffer injury*** … if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: ... any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), ... **(6) [inclusive pay periods]**, and (9) of subdivision (a). (Emphasis added.)

Through S.B. 1255, the Legislature intended to clarify Labor Code Section 226(e)'s injury requirement. *See*, *e.g.*, *Soto v. Diakon Logistics (Delaware), Inc.*, 2013 WL 4500693, *9 (S.D. Cal. 2013) ("The Senate Bill Analysis indicates that because of the contradictory and inconsistent interpretations of what constitutes 'suffering injury' ... in the various court cases ... it is necessary to provide further clarity on the issue'"); *Seckler v. Kindred Healthcare Operating Group, Inc.*, 2013 WL 812656, *11-12 (C.D. Cal. 2013); *Fields v. West Marine Prods. Inc.*, 2014 WL 547502, *8 (N.D. Cal. 2014) ("Plaintiffs cite decisions holding that the injury

9

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

requirement is minimal.  This interpretation is reinforced by the 2013 statutory amendment to Section 226 ***clarifying*** the injury requirement by providing a statutory definition.") (Emphasis added).

Indeed, in *Willner* the Court held that the employee established injury, as a matter of law, arising from the employer's failure to include the pay period start date: "[t]he Court concludes that ... an employee cannot promptly determine from the wage statements alone ... the start date of the pay period .... Accordingly, the evidence before the Court establishes that Willner suffered injury within the meaning of Section 226(e)." 2014 WL 1303495, at *12.

Moreover, as a review of cases on the issue of what constitutes an "injury" under §226(e) ***after*** the 2013 amendment demonstrates, the amendment altered the law such that if a violation of §226(a) is established, then "injury" is automatically deemed to have occurred.

For instance, in *Fobroy v. Video Only, Inc.*, 2014 U.S. Dist. 160365 (N.D. Cal Nov. 14, 2014), in which the plaintiff asserted that wage statements issued by the defendant did not include pay period dates, the court determined that there was an "injury" under the post-amendment §226(e) injury definition, but not under the pre-amendment §226(e)'s language.  *Id.* at 9-10.  The *Fobroy* court ruled that "Prior to January 2013, courts interpreted section 226(e) as requiring plaintiff to show more than a mere violation of section 226(a)…." *Id.* at *9.  However, after the amendment to §226(e), "injury is presumed." *Id.* at 10.  Thus, *Fobroy* demonstrates that the 2013 amendment only acted to minimize a plaintiff's burden of proving "injury" under § 226(e).

Numerous other District Court cases establish that "injury" is now automatic once a section 226(a) violation has been established.  "An employee is said to have suffered injury under section 226(a) where a wage statement fails to include the start date of a pay period as required by section 226(a)(6)….." *Achal v. Gate Gourmet, Inc.*, 2015 U.S. Dist. LEXIS 92148 at *59 (N.D. Cal. July 14, 2015).

*Achal* also notes that "the injury contemplated by the amended statute is concerned less about an employee's ability to ascertain the information and more about the broader public policy" of enforcing the requirements of Labor Code § 226. *Id* at *64. *See also Novoa v. Charter Communications, LLC*, 2015 U.S. Dist. LEXIS 53102 at *40 (E.D. Cal. April 22, 2015) (holding that there is an "injury" under § 226(e) due to failure to list pay periods on wage statements because it would "require Plaintiff to engage in mathematical computations to reconstruct time records and determine if he was correctly paid."); *Willner*, 35 F. Supp. 3d 1116, 1132 (N.D. Cal. 2014) ("The Court concludes that, based on the wage statements submitted by Manpower, an employee cannot promptly determine from the wage statements alone…the start date of the pay period…[a]ccordingly, the evidence before the Court establishes that Willner suffered injury within the meaning of section 226(e).); *Brewer v. General Nutrition Corp.*, 2015 U.S. Dist. LEXIS 114860, at *28-29 (N.D. Cal. Aug. 27, 2015) ("*Labor Code section 226(e)* provides that an employee is 'deemed to suffer injury ... if the employer fails to provide accurate and complete information as required'"; employees were deemed to have suffered injury because, among other things, the employer's wage statements did not list the pay period start date).

Here, it is undisputed that the pay period start date was never identified on any of the wage statements Defendant issued to Plaintiff and the Certified Class during the class period. In addition, this Court has already held, based on this lack of the pay period start date, that the injury element is established as to Plaintiff. Specifically, in this Court's August 5 Order, this Court determined that Defendant's failure to put the pay period start date on wage statements caused "injury" under §226(e). The Court's analysis was straightforward. It recognized that this was a situation in which an employee is "deemed" to have suffered injury because the employee "cannot promptly and easily determine from the wage statement alone." Thus, "Plaintiff cannot determine the inclusive dates of the

period for which she is being paid by reference to the wage statement alone.  In order to determine the period dates, Plaintiff must reference multiple wage statements.  Accordingly, ***Plaintiff is <u>deemed</u>*** to suffer injury under section 226(e)(2)(B)(i)." (*See* August 5, 2014 Order Denying Motion for Summary Judgment ("1st MSJ Order") at p. 8).

As the format of the wage statements issued to the Certified Class was exactly the same as those issued to Plaintiff, which includes the failure to identify the pay period start date, the injury element that this Court previously held to be established as to Plaintiff, should also be equally applied to the Certified Class.  Moreover, based on the substantial canon of case law since the 2013 amendment to 226(e), there can be no dispute that "injury" is automatic where there is a violation of 226(a)(6).  As such, Plaintiff's current Motion should be granted.

## III. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her Motion for Partial Summary Judgment as to Plaintiff's First Cause of Action as to finding that (1) Defendant's wage statements issued to Plaintiff and the Certified Class failed to comply with Labor Code §226(a)(6), and (2) Plaintiff and the Certified Class have established Labor Code § 226(e)'s injury element.

Dated:  January 6, 2016                                DIVERSITY LAW GROUP, P.C.


                                        By:     */s/ Larry W. Lee*
                                                Larry W. Lee
                                                Attorneys for Plaintiff and the Class

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**