BETH A. GUNN, CA Bar No. 218889
beth.gunn@ogletreedeakins.com
AARON H. COLE, CA Bar No. 236655
aaron.cole@ogletreedeakins.com
PATRICIA M. JENG, CA Bar No. 272262
patricia.jeng@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone:  213.239.9800
Facsimile:  213.239.9045

Attorneys for Defendant BRINK'S, INCORPORATED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKO STAFFORD, as an individual and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BRINK'S, INCORPORATED, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. CV14-01352 MWF(PLAx)<br><br>**DEFENDANT'S *EX PARTE* APPLICATION FOR, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF, AN ORDER REGARDING DEPOSITION SUBPOENAS ISSUED BY PLAINTIFF'S COUNSEL**<br><br>Complaint Filed: January 3, 2015<br>Removal Date:　February 21, 2014<br>Trial Date:　　July 19, 2015<br>District Judge:　Hon. Michael W. Fitzgerald<br>Magistrate Judge:Paul L. Abrams |

24201038_1.docx

DEFENDANT'S *EX PARTE* APPLICATION FOR, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF, AN ORDER REGARDING DEPOSITION SUBPOENAS ISSUED BY PLAINTIFF'S COUNSEL

## I.   INTRODUCTION

In this certified class action, Defendant Brink's, Incorporated ("Brink's") seeks *ex parte* relief to alleviate the undue hardship and burden on its employees and its business caused by Plaintiff Miko Stafford's ("Plaintiff") <u>unilateral</u> scheduling of forty-four (44) depositions of current Brink's employees (who are also class members) over the course of eight (8) business days during the employees' regular working hours at a location, which for some employees, is over seventy (70) miles from their homes and work locations.  Because the employees are class members, Brink's is presently unable to answer questions from distressed, anxious employees who are unfamiliar with the litigation process or their rights or obligations with respect to the subpoenas duces tecum that were personally served on them by Plaintiff's counsel at their homes or work locations – an intrusive and alarming event.  Plaintiff's Counsel compounded the confusion and distress of these employees by failing to attach to the subpoenas the text of Rule 45(d) and (e), as required by Fed. R. Civ. P. 45(a)(1)(iv) – thereby depriving the employees of the very information that is required by the rule in order "to ensure the recipient of the subpoena is fully aware of both her own obligations in responding to the subpoena, of the duties of the attorney in properly executing the subpoena, and the options a recipient may exercise in contesting a subpoena."

Brink's does not wish to prevent Plaintiff's counsel from taking depositions of class members in this action.  But, Brink's wants to ensure that its employees are not intimidated or unduly distressed by the process, *have received all the information that Rule 45 mandates that they are entitled to receive regarding the deposition subpoenas*, and that the depositions are scheduled in a manner that does not unduly burden or harass its employees or damage its business.  Brink's and Plaintiff's counsel have attempted to resolve this dispute without the Court's intervention, but have reached an impasse.  Plaintiff's Counsel would agree to work with Brink's to reschedule the depositions only if Brink's agreed to limit its communications with

24201038_1.docx

1                     Case No. CV14-01352 MWF(PLAx)

class members to instructing them to call Plaintiff's counsel. Brink's believes its employees are entitled to better treatment than that, and has proposed a narrowly tailored communication that allows Brink's to alleviate the distress and confusion of its employees without trespassing on the interests of Plaintiff's counsel.

Given the immediacy of the distress and confusion of its employees, Brink's properly seeks the following relief by ex parte application: (1) an order quashing the subpoenas because they are procedurally defective and do not comply with Rule 45(a) by failing to set forth the text of Rule 45(d) and (e), as required by Fed. R. Civ. P. 45(a)(1)(iv); 2) an order setting a case management conference with the parties to set mutually agreeable dates for the depositions in a manner that minimizes disruption to Brink's business operations; and 3) an order approving a communication from Brink's to subpoenaed class members who ask about the subpoenas.

## II.   STATEMENT OF RELEVANT FACTS

### A. Plaintiff Unilaterally Schedules The Depositions of 44 Brink's Employees.

Without seeking to coordinate with Brink's or providing any advance notice, Plaintiff Miko Stafford ("Plaintiff") served on Brink's, forty-four (44) notices of depositions of Brink's employees, who are also class members in this action, on March 11, 2016. (Declaration of Aaron H. Cole ("Cole Decl.") ¶¶ 2-3 & Ex. A.) Plaintiff also served on Brink's forty-four subpoenas *duces tecum* that were apparently served on each of the employees between March 11, 2016 and March 15, 2016. (*Id.*)

The subpoenas *duces tecum* command the 44 Brink's employees from branches in Lancaster, Los Angeles, Orange County, San Bernardino, and San Fernando Valley to appear for depositions on dates from March 23, 2016 through April 1, 2016, during business hours at the offices of Plaintiff's Counsel in downtown Los Angeles. (*Id.* ¶ 2.) The subpoenas served on Brink's employees and

24201038_1.docx

2                                Case No. CV14-01352 MWF(PLAx)

DEFENDANT'S *EX PARTE* APPLICATION FOR, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF, AN ORDER REGARDING DEPOSITION SUBPOENAS ISSUED BY PLAINTIFF'S COUNSEL

class members do not include a copy of the text from Rule 45, subsections (d) (relating to the recipient's protection as a person subject to a subpoena), and (e) (relating to the recipient's duty to respond to the subpoena and potential consequences of not doing so). (*Id.* ¶ 2.)

**B. The Deposition Subpoenas Confuse and Distress Brink's Employees.**

Brink's branch managers have received inquiries from twenty-five to thirty confused and distressed employees who were served with subpoenas at their homes. (Declaration of Virginia Fuentes ("Fuentes Decl." ¶ 2.) These employees want to know what options they had to respond to the subpoena. (*Id.*) Most indicated that they did not want to be deposed and did not want anything to do with the lawsuit. (*Id.*) Others stated the subpoena was making them anxious. (*Id.*). Some employees expressed confusion regarding the source of the subpoena, believing incorrectly that Brink's had subpoenaed its own employees. (*Id.*) Some individuals contacted Brink's counsel directly to ask about the subpoenas, including one person who believed that Brink's had issued the subpoena to its employee. (Declaration of Beth Gunn ("Gunn Decl.") ¶¶ 2-3.)

However, because the class members are represented by Class Counsel, Brink's and its counsel are unable to communicate with the class members to answer their questions regarding responding to Plaintiff's subpoenas and the deposition schedule. (Fuentes Decl. ¶ 3.)

**C. Plaintiff's Unilaterally Imposed Deposition Schedule Places An Undue Burden on Brink's Business.**

As noted above, Plaintiff's Counsel did not consult with Brink's before setting the dates for any of the depositions. (Cole Decl. ¶ 3.) The current deposition schedule requires that multiple employees, sometimes from the same branch, be absent from work on the same day with very short notice. (*Id.* ¶ 7) For example, three of Brink's employees – two Messengers and one Driver – in the Orange County branch will be unavailable on March 29, 2016, as they have been subpoenaed

24201038_1.docx

3

DEFENDANT'S *EX PARTE* APPLICATION FOR, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF, AN ORDER REGARDING DEPOSITION SUBPOENAS ISSUED BY PLAINTIFF'S COUNSEL

to testify at 1:00 p.m., 1:00 p.m., and 3:00 p.m. (*Id.*)

In the ordinary course of Brink's business, employees are required to coordinate with their managers at least two weeks in advance of a requested absence from work to ensure adequate coverage. (Fuentes Decl. ¶ 4.) This is because an absence affects, in many cases, the entire crew with which the employee works. (*Id.* ¶¶ 4-5.) For example, if a Driver is absent, the crew will not be able to complete their driving routes for <u>the entire day</u> unless the absence is covered. (*Id.* ¶ 5.) Similarly, if a Messenger is absent, the crew will not be able to complete the transportation of cash and/or valuables scheduled for <u>the entire day</u> – unless the absence is covered. (*Id.* ¶ 5.) Brink's cannot send out a partial crew in an armed vehicle as the absence of crew members could jeopardize the safety of the other individuals working for Brink's on that vehicle (*Id.* ¶ 5.) Thus, the current deposition schedule – which requires multiple absences during business hours over the course of 8 days -- creates a significant burden and expense on Brink's business operations and its employees.

In addition, Brink's has contracts with its customers specifying when work must be completed. (*Id.* ¶ 6.) If Brink's does not meet these commitments, it can be subject to reductions in payments for services. (*Id.*) Last-minute unanticipated absences could result in canceling routes, and would lead to an inability to service customers, potentially at significant expense to Brink's. (*Id.*) Therefore, Brink's cannot be in a position where several of its employees are suddenly absent without suffering a significant negative effect on its business operations and its ability to service its customers.

### D. Brink's Attempted To Meet And Confer With Plaintiff To Resolve These Issues Without Further Motion Practice, To No Avail.

On March 15, 2016, Brink's attempted to meet and confer with Plaintiff regarding both the defects of the subpoenas, and regarding rescheduling the 44 depositions at mutually agreeable times and dates to minimize disruption to Brink's

24201038_1.docx

4

DEFENDANT'S *EX PARTE* APPLICATION FOR, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF, AN ORDER REGARDING DEPOSITION SUBPOENAS ISSUED BY PLAINTIFF'S COUNSEL

business operations.  (Cole Decl. ¶ 8.)  Specifically, Brink's requested that 1) Plaintiff correct the deficient subpoenas by re-serving them with the inclusion of the requisite notice pursuant to Rule 45(a); 2) Plaintiff work with Brink's to set mutually agreeable dates and times to minimize disruption to Brink's business operations (preferably before re-serving any subpoenas); and 2) Plaintiff work with Brink's to approve a communication to be provided to class members who inquire about the subpoenas.  (*Id.* ¶ 8 & Ex. B.)  After several additional email exchanges on March 15, 2016 and a telephone conference on March 17, 2016, the parties reached an impasse.  Plaintiff would agree to work with Brink's to reschedule the depositions only if Brink's agreed to limit its communications with class members to instructing them to call Plaintiff's Counsel.  (*Id.* ¶ 8 & Exs. B & C.)

Brink's believes its employees are entitled to better treatment than that proposed by Plaintiff's counsel, especially since its employees have directly requested further information from Brink's, and expressed a desire to not be involved in the lawsuit.  Brink's is aware that the class notice has not yet been sent to the class (*Id.*, ¶ 9), so these individuals have not yet had the opportunity to opt out of participation in this action.  Because Brink's wishes to provide useful and reassuring information to its employees in response to these unexpected and distressing circumstances, it has proposed a narrowly tailored communication that allows Brink's to alleviate the distress and confusion of its employees without trespassing on the interests of Plaintiff's counsel.

### E. Proper Notice Of The Ex Parte Application Was Given.

Pursuant to Local Rules 7-19 and 7-19.1, on March 15, 2015, Brink's counsel advised Plaintiff's counsel, via email, that Brink's would be filing an ex parte application for an order 1) quashing the 44 subpoenas as procedurally defective, 2) setting a case management conference to schedule the 44 depositions in a manner that minimizes disruption to Brink's business operations; and 3) permitting Brink's managers to provide specific language to class members upon inquiry regarding their

24201038_1.docx

5

Case No. CV14-01352 MWF(PLAx)

rights, duties, options in responding to the subpoenas, and instructions for coordinating their work schedules with their managers in preparation of their absence for depositions. (Cole Decl. ¶ 8 & Exs. B & C.) As described above, the parties subsequently met and conferred in an attempt to resolve the dispute; an impasse was reached; Brink's confirmed its intent to file the *ex parte* application and Plaintiff indicated her intent to oppose the application. (*Id.*) Plaintiff is represented by two different law firms: 1) Larry W. Lee (lwlee@diversitylaw.com) and Nick Rosenthal (nrosenthal@diversitylaw.com) of Diversity Law Group, and 2) Dennis S. Hyun (dhyun@hyunlegal.com) of Hyun Legal, APC. Both firms have the same address and phone numbers which are: 550 S. Hope St., Ste. 2655, Los Angeles, CA 90071; (213) 488-6555 (phone); (213) 488-6554 (fax).

## III.    ARGUMENT

Brink's seeks *ex parte* relief in this instance for three reasons: 1) because Plaintiff's subpoenas are procedurally defective in violation of Rule 45(a)(1)(A)(iv) as they do set forth the required excerpted text from Rule 45 – the purpose of which omitted excerpts is to inform the deponent of his or her obligations and rights in responding to a subpoena; 2) because the unilaterally noticed depositions set forth in the subpoenas create an undue burden and expense due to the disruption it would create to Brink's business operations throughout the five branches over 8 business days; and 3) Brink's is informed and believes that the subpoenas have created confusion amongst its employees; and Brink's cannot communicate with them to alleviate their confusion, absent leave of Court.

Ex parte relief is proper when: (1) the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular notice motion procedures; and (2) the moving party is without fault in creating the crisis that requires ex parte relief, or that crisis occurred as a result of excusable neglect. *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F.Supp. 499, 492 (C.D.Cal. 1995).

24201038_1.docx

6                    Case No. CV14-01352 MWF(PLAx)

In this instance, Brink's seeks an order (1) quashing the procedurally defective subpoenas, and, assuming Plaintiff re-serves the subpoenas in a manner that is procedurally proper, (2) scheduling a case management conference with the parties to set mutually agreeable deposition dates in order to minimize the disruption to Brink's business operations, and (3) approving a narrowly tailored communication for Brink's managers to provide to class members upon inquiry regarding the subpoenas.

Although the 44 subpoenas were served on class members, Brink's nonetheless has standing to challenge the propriety of the subpoenas because the subpoenaed class members are employees of Brink's, and their scheduled depositions affect Brink's interests. Specifically, a party may challenge a subpoena issued to a third party when that party has a personal right or interest with respect to the subject matter of the subpoena. *Kohler v. Flava Enters*, No. 10cv730, 2011 WL 2600727, *1 (S.D. Cal., Jun. 30, 2011). Here, Brink's has standing to challenge the 44 subpoenas because the dates and times of the depositions of its employees will significantly disrupt the business operations at five of its branches. As such, Brink's has sufficient personal interest in the subject matter of subpoenas to have standing to challenge them.

### A. The Forty-Four(44) Procedurally Defective Subpoenas Should Be Quashed.

Plaintiff's forty-four (44) subpoenas served on class members should be quashed as procedurally defective. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Additionally, the Rules allow courts to limit discovery to avoid cumulation, duplication, harassment, burdensomeness, and expense. See Fed. R. Civ. P. 26(b)(1). Relatedly, parties issuing subpoenas pursuant to Rule 45 have an obligation to "take reasonable steps to avoid imposing undue burden or expense" on the party subject to the subpoena. See Fed. R. Civ. P. 45(3).

This Court should quash the forty-four (44) subpoenas because they are

24201038_1.docx

7                                     Case No. CV14-01352 MWF(PLAx)

facially defective. Rule 45(a)(1) sets forth the requisite contents of a legally valid subpoena, which includes that a subpoena "must set out the text of Rule 45(d) and (e)." Fed. R. Civ. P. 45(a)(1)(iv). The purpose of requiring inclusion of the language in these subdivisions is "to ensure the recipient of the subpoena is fully aware of both her own obligations in responding to the subpoena, of the duties of the attorney in properly executing the subpoena, and the options a recipient may exercise in contesting a subpoena." Fed. R. Civ. P. 45(d) (entitled "Protecting a Person Subject to Subpoena Enforcement"); see also Fed. R. Civ. P. 45(e) (entitled "Duties in Responding to a Subpoena"); *Anderson v. Govt. of V.I.*, 180 F.R.D. 284, 289-90 (D. Vi. 1998).

Here, the inclusion of the required language is particularly critical given that the class members are laypersons who would not otherwise understand their protections and duties in responding to a subpoena. Given that the class members are represented by Plaintiff's counsel in connection with this action, they also presumably do not have other counsel to explain their rights and duties to them. The fact that several of Brink's managers have been contacted about the subpoenas by class members to inquire about their options in responding to the subpoenas, indicate that there has been actual confusion on the part of the class members.

Here, Plaintiff did not serve her subpoenas with the required language from Rule 45(d) and (e). Therefore, the subpoenas should be deemed invalid, and should be quashed.[1]

---

[1] Brink's request to this Court to quash the 44 subpoenas served on class members is timely under the Rules. While Rule 45 sets forth a specific time period for the subpoenaed party to respond or object to a subpoena, Rule 45 sets no specific timeframe for a party to the litigation to move to quash or modify a subpoena or for a protective order. The only requirement under Rule 45 is that the motion be "timely," which is determined by the facts and circumstances of the case. See Fed. R. Civ. P. 45; *see also Schaff v. SmithKline Beecham Corp.*, No. 3:06-CV-120-J-25TEM, 2006 WL 2246146, *1 (M.D. Fla. Aug. 4, 2006) ("Whereas a specific period of time for objections is set at fourteen days, a general period of time for a motion to quash is established with the language 'upon timely motion.' The term timely is not defined in [Rule 45] or the Committee notes thereto"); *see also Edw. C. Levy Co., Inc. v. Int. Union of Operating Engineers*, No. 2:05-CV-349-PPS, 2006 WL 1544727, *2 (N.D.

24201038_1.docx

8

DEFENDANT'S *EX PARTE* APPLICATION FOR, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF, AN ORDER REGARDING DEPOSITION SUBPOENAS ISSUED BY PLAINTIFF'S COUNSEL

## B. The Court Should Set A Case Management Conference With Parties To Schedule Depositions In Order To Minimize Disruption To Brink's Business Operations.

Federal Rule of Civil Procedure ("Rule") 26(c) provides that a court may, for good cause, issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. Proc. 26(c)(1). Rule 45 also provides that the Court may issue an order to protect a party from "undue burden or expense." Fed. R. Civ. P. 45(d)(1); see *also Nalco*, 2014 WL 1311571 at *1. Additionally, a party to the litigation has standing to move for an order "in regard to a subpoena issued to a third party if it believes its own interests are jeopardized the discovery sought from a third party." *In re REMEC*, 2008 WL 2282647 at *1. To obtain a protective order and/or order limiting discovery, the moving party bears the burden of showing "good cause" by demonstrating harm or prejudice that will result from the discovery. *Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

Here, the depositions significantly interfere with Brink's normal business operations by requiring multiple individuals, often from the same branch, to be absent from work on the same day and/or shift, with very short notice. As detailed above, the subpoenas affect not only the subpoenaed individuals, but the crews that require all members be present to complete their work for the day. This will create a significant burden and expense on Brink's business operations and its employees.

In addition, compliance with the subpoenas could jeopardize Brink's ability to meet its contractual obligations with customers and could injure Brink's customer

Ind. Jun. 1, 2006) ("Although some courts have … imposed the fourteen-day deadline for objections on the 'timely motion' requirement for motions to quash, this Court finds it unnecessary"). In this case, the instant motion is timely to the extent that it is being filed three business days after receipt of notices of deposition from Plaintiff and after attempting to meet and confer with Plaintiff's counsel regarding the relief requested in this application.

24201038_1.docx

DEFENDANT'S *EX PARTE* APPLICATION FOR, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF, AN ORDER REGARDING DEPOSITION SUBPOENAS ISSUED BY PLAINTIFF'S COUNSEL

relationships. These consequences would severely damage Brink's business operations, and are completely avoidable if the parties re-schedule the depositions to occur in a less burdensome manner, as Brink's has proposed. Thus, Brink's has shown good cause for an order setting case management conference to schedule the depositions at mutually agreeable dates and times in a manner that minimizes the disruption to Brink's business operations.

Brink's does not seek to prevent the depositions from occurring, or otherwise preclude Plaintiff from deposing its employees. It merely requests that the parties work together to set the dates and times of those depositions, rather than Plaintiff unilaterally setting the depositions in a manner that imposes an undue hardship and expense on Brink's. Plaintiff will not be prejudiced by the requested relief as she will still be able to obtain the depositions of each of the 44 employees. Further, because the non-expert discovery cut-off is not until May 16, 2016, Plaintiff will have plenty of time to complete the depositions of the 44 individuals without significantly interfering with Brink's business operations. Accordingly, this Court should set a case management conference for the purpose of setting mutually agreeable dates and times for the 44 depositions of Brink's employees.

## C. The Court Should Approve A Communication from Brink's To Its Employees Who Inquire About The Subpoena.

To date, Brink's managers have not communicated with the employees regarding the subpoenas -- despite the employees' expressed confusion, distress and questions about their options for responding to the subpoenas. Brink's has proposed a narrowly tailored communication that allows Brink's to help alleviate the distress and confusion of its employees without trespassing on the interests of Plaintiff's counsel. Specifically, Brink's proposes the communication attached to this application as **Exhibit A** be distributed to any individual who received a subpoena from Class Counsel. The proposed communication:

✓ Informs employees that they are class members and that the class notice

24201038_1.docx

10                         Case No. CV14-01352 MWF(PLAx)

will be distributed within the next week.

✓ Attaches a copy of the class notice approved by the Court, and explains that the notice provides information about an employee's options with respect to class membership.

✓ Explains that while Brink's cannot talk to employees who are in the class about the case, Brink's can talk to employees about scheduling depositions, including coordinating any time off the employee may require to attend a deposition.

✓ Reiterates Brink's complaint reporting policy and non-retaliation policy, and reminds employees that their employment with Brink's will not be negatively affected by any choice they make regarding the lawsuit.

*See* Exhibit A hereto.

This Court should approve this communication, which is designed to provide class members with answers to their basic concerns and questions regarding the impact of deposition subpoenas on their jobs, such as providing instructions for coordinating their work schedules with their managers if they need time off to attend a deposition.

There is no prejudice to Plaintiff by the communications because it is presumably in the interest of both Plaintiff and Brink's to alleviate any confusion of the class members. Further, it is in the interest of both parties for class members to be aware of their rights, obligations, duties and options in responding to the subpoenas. Thus, this Court should approve of the proposed communication from Brink's in response to inquiries by its employees regarding the subpoenas.

## IV.  CONCLUSION

Plaintiff's subpoenas served on forty-four (44) of Brink's employees are defective because they do not set forth or attach the language required by Rule 45, and should therefore be quashed.

In addition, the subpoenas significantly interfere with Brink's business

11   Case No. CV14-01352 MWF(PLAx)

24201038_1.docx

operations, and Plaintiff has not agreed to coordinate with Brink's to set mutually agreeable dates and times.  Thus, this Court should set a case management conference to schedule the depositions of Brink's employees in a manner that minimizes disruption to its business operations.

Finally, although Brink's managers have received several communications from class members inquiring about their subpoenas and expressing concern and confusion as to how they should respond, Brink's managers have refrained from discussing their questions with them.  However, communication is necessary in order to provide the employees with information regarding, for example, coordinating their work schedules for deposition, as well as generally treating Brink's employees respectfully in compliance with Brink's usual business practice.  Thus, this Court should approve of proposed communication from Brink's to its employees, to provide to any employee who received the subpoenas.

DATED:  March 16, 2016

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Beth A. Gunn
Beth A. Gunn
Aaron H. Cole
Patricia M. Jeng
Attorneys for Defendant BRINK'S, INCORPORATED

24201038.1

24201038_1.docx

12   Case No. CV14-01352 MWF(PLAx)

DEFENDANT'S *EX PARTE* APPLICATION FOR, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF, AN ORDER REGARDING DEPOSITION SUBPOENAS ISSUED BY PLAINTIFF'S COUNSEL

# EXHIBIT A

You are receiving this communication because you have received a deposition subpoena issued by class counsel in the matter of *Miko Stafford v. Brink's, Incorporated*, a class action lawsuit. The Court has ordered Class counsel to work with Brink's to reschedule the depositions.

- ✓ You do <u>not</u> need to show up for the deposition on the date indicated on the deposition subpoena.

- ✓ You will receive a new deposition subpoena with a new date and time, and additional information regarding how to respond to the deposition subpoena.

- ✓ Please do not cash the check that was provided with subpoena. A new check will be provided with the new deposition subpoena.

The court has decided that the case *Miko Stafford v. Brink's, Incorporated* will go forward as a class action and that you are a class member. A notice regarding the case has been approved by the court and is scheduled to be mailed to class members within the next week. A copy of that notice is attached. It informs you of your options regarding whether or not you remain a class member, and provides you with the names and contact information of Class Counsel, who issued the deposition subpoena. As long as you are a class member, Brink's cannot talk to you about this case unless it gets specific permission from the court.

While Brink's cannot talk to you about the case, Brink's can talk to you about *scheduling* depositions, including any time you may need to take for this purpose. Your manager will be in contact with you to discuss your availability. Brink's appreciates your continued hard work, and will work with you to minimize any inconvenience this causes you.

Brink's is committed to its policies of open communication and reporting of any problems in the workplace. Your employment will not be negatively affected by any choice you make regarding this lawsuit, including providing truthful testimony at a deposition. If you become concerned that your employment is negatively affected in any way as a result of this matter, please bring your concerns to the immediate attention of Virginia Fuentes, Regional Human Resource Manager, West Region, Brink's U.S., at (707) 773-0106  x707-555-2233 (office); (510) 501-1794 (cell); or virginia.fuentes@brinksinc.com (email).

Thank you again for being a valued employee of Brink's.