BETH A. GUNN, CA Bar No. 218889
beth.gunn@ogletreedeakins.com
AARON H. COLE, CA Bar No. 236655
aaron.cole@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213.239.9800
Facsimile: 213.239.9045

Attorneys for Defendant
BRINK'S, INCORPORATED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKO STAFFORD, as an individual and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>BRINK'S, INCORPORATED, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>   Defendants. | Case No. CV14-01352 MWF(PLAx)<br><br>**DEFENDANT'S EX PARTE APPLICATION FOR ORDER RE SUBJECT MATTER JURISDICTION**<br><br>Complaint Filed: January 3, 2014<br>Removal Date: February 21, 2014<br>Trial Date: July 19, 2015<br>District Judge: Hon. Michael W. Fitzgerald<br>Magistrate Judge: Paul L. Abrams |

PLEASE TAKE NOTICE that, pursuant to Central District of California Local Rule ("Local Rule") 16-2.1, Defendant Brink's, Incorporated ("Brink's"), as a "party that questions the existence of subject matter jurisdiction," hereby requests the Court to determine whether subject matter jurisdiction exists.  Brink's further requests that the Court address the issue on an *ex parte* basis in light of the substantial amount of pre-trial work to be done over the next several weeks.  If the Court determines that no subject matter jurisdiction exists, then both the parties and the Court will have expended significant resources when the matter will not be going to trial in this Court.

The basis of this application is as follows:

➢   On May 28, 2014, in ruling on Plaintiff's Motion for Remand, this Court determined that subject matter jurisdiction existed pursuant to the Class Action Fairness Act ("CAFA").  *See* Docket # 24.  Specifically, the Court found that the amount in controversy requirement of CAFA had been satisfied by the amount in controversy at stake for Plaintiff's class claim pursuant to California Labor Code section 226, in addition to the amount in controversy at stake for Plaintiff's claim pursuant to the Private Attorneys General Act ("PAGA").  *Id.*  In the absence of any controlling Ninth Circuit authority regarding the issue, the Court based its conclusion on a finding that the amount in controversy for a PAGA claim could be aggregated with the amount in controversy for other class claims for purposes of establishing federal court jurisdiction pursuant to CAFA.  *Id.*  It was undisputed that the amount in controversy required by CAFA could not be established without including the amounts at stake for the PAGA claim.  *Id.*

➢   On July 30, 2015, the Ninth Circuit issued its ruling in *Yocupicio v. PAE Group, LLC*, 795 F.3d 1057 (2015) ("*Yocupicio*"), which explicitly addressed the legal basis for this Court's May 28, 2014 Order Denying Plaintiff's Motion for Remand.  In *Yocupicio*, the Ninth Circuit reached the opposite conclusion of this Court, holding that:

> Where a plaintiff files an action containing class claims as well as non-class claims, and the class claims do not meet the CAFA amount-in-controversy requirement while the non-class claims, standing alone, do not meet diversity of citizenship jurisdiction requirements, the amount involved in the non-class claims cannot be used to satisfy the CAFA jurisdictional amount, and the CAFA diversity provisions cannot be invoked to give the district court jurisdiction over the non-class claims.

795 F.3d at 1062.

➢ On May 10, 2016, counsel for the parties held their pre-trial conference pursuant to Local Rule 16-2. In addressing Local Rule 16-2.1, Plaintiff's counsel, Larry Lee, brought to the attention of Brink's counsel the existence of *Yocupicio* and its potential effect on the existence of subject matter jurisdiction in this case. *See* Declaration of Beth Gunn in support of Ex Parte Application for Order re Subject Matter Jurisdiction ("Gunn Decl."), ¶ 2. On May 11 and 12, 2016, Brink's counsel conducted research regarding whether a change in the controlling law upon which the exercise of subject matter jurisdiction was based may be applied retroactively such that it would divest the federal court of subject matter jurisdiction. *See* Gunn Decl., ¶ 3. As a result of this research, Brink's counsel became aware of directly applicable authority holding that, "in cases in which the new rule of law strips the courts of jurisdiction, the courts must apply that new rule of law retroactively." *Nunez-Reyes v. Holder*, 646 F.3d 684, 691 (9th Cir. 2011); *see, e.g., United States ex rel. Haight v. Catholic Healthcare West*, 602 F.3d 949, 953 (9th Cir. 2010) (holding that notice of appeal was untimely based on retroactive application of Supreme Court opinion overruling circuit precedent); *id.* ("Plaintiffs reasonably relied on Ninth Circuit precedent that gave them 60 days to file a notice of appeal. But the Supreme Court has instructed us that concerns of equity must give way before the 'rigorous rules' of statutory jurisdiction."); *Felzen v. Andreas*, 134 F.3d 873, 877 (7th Cir.

1998) ("[W]hen a court 'applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule.'" (citing *Harper v. Virginia Department of Taxation*, 509 U.S. 86, 97 (1993)).  We also considered the holding in *Caterpillar v. Lewis,* 519 U.S. 61, 69 (1996), that where district courts lose subject matter jurisdiction at any time prior to final judgment, remand is appropriate.

➤ Given these authorities, Brink's questions the existence of subject matter jurisdiction in this action.  *See* Gunn Decl., ¶ 4.  Pursuant to Local Rule 16-2.1, Brink's is required to raise this issue to the Court, for adjudication prior to the Final Pretrial Conference scheduled for June 20, 2016.  *See* Local Rule 16-2.1 ("If any party questions the existence of subject matter jurisdiction, that party **shall** raise the issue by motion to be heard prior to the Final Pretrial Conference") (emphasis added); *see also* Docket # 95.

➤ Brink's has expended substantial resources in preparing this case for trial, and will continue to do so.  *See* Gunn Decl., ¶ 5.  Obviously, if the Court rules that it no longer has subject matter jurisdiction, it makes no sense for either the parties or the Court to continue expending resources in the upcoming trial preparation and motion hearing in the current court, which will become moot.

For these reasons, Brink's respectfully seeks an *ex parte* order from the Court determining whether, under the circumstances described above, subject matter jurisdiction exists.

In compliance with Local Rule 7-19.1, Brink's counsel gave notice of this *ex parte* application on May 12, 2016 to Plaintiff's counsel at the following contact information:

///

///

Larry W. Lee, Esq.
lwl@diversitylaw.com
Nick Rosenthal, Esq.
nrosenthal@diversitylaw.com
DIVERSITY LAW GROUP, P.C.
550 S. Hope Street, Suite 2655
Los Angeles, CA 90071
Tel.:  (213) 488-6555
Fax:  (213) 488-6554

Dennis S. Hyun, Esq.
dhyun@hyunlegal.com
HYUN LEGAL, APC
550 S. Hope Street, Suite 2655
Los Angeles, CA 90071
Tel.:  (213) 488-6555
Fax:  (213) 488-6554

Plaintiff's counsel responded that they did not intend to oppose the *ex parte* application, provided that it was limited to the specific request asking the Court for an order determining whether, under these circumstances, subject matter jurisdiction exists.  Plaintiff's counsel reserved the right to oppose the *ex parte* application in the event that, in their estimation, the subject matter of the *ex parte* application exceeds the anticipated scope of this request.  *See* Gunn Decl., ¶ 6.

DATED:  May 12, 2016               OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


                                   By: /s/ Beth A. Gunn
                                        Beth A. Gunn
                                        Aaron H. Cole

                                   Attorneys for Defendant
                                   BRINK'S, INCORPORATED